State *v.* Bonney.

## COUNTY OF KENNEBEC.

### STATE *versus* BONNEY.

Upon a verdict, rendered in this Court on an indictment found in the late District Court, for an offence of which that Court had. exclusive jurisdiction, the judgment will be arrested, if the case was erroneously transferred to this Court for trial, while that Court was in existence.

Of an indictment for having in possession *upon a specified day,* ten counterfeit bank bills, with intent to pass the same, the District Court alone, until the time of its abolishment, had the jurisdiction, unless the indictment alleged, that the accused had the bills in possession, all *at one time.*

Jurisdiction cannot be imparted to the Court by the consent of parties merely.

INDICTMENT founded upon R. S. chap. 157, § 5. It was found in the District Court and, for a supposed want of jurisdiction in that Court, was transferred to this Court for trial. It charges that on the fifteenth day of April, the said Bonney had in his custody and possession ten false, forged and counterfeit bank bills, in the similitude of, and purporting to be ten bills payable to the bearers thereof, and purporting to have been signed in behalf of, and issued by the president, directors and company of the Mahaiwe Bank, for the sum of three dollars each, the same being a corporation by law established as a bank within the Commonwealth of Massachusetts, which said ten false, forged and counterfeit bank bills, were then and there retained and kept in the possession of the said Bonney, so that the jurors aforesaid cannot set forth the tenor thereof; and, that he did then and there have in his custody and possession as aforesaid, each of the false, forged and counterfeit bank bills as aforesaid, with intent to utter and pass the same, and thereby to injure and defraud the said president, directors and company; against the peace of such State and contrary to the form of the statute in such case made and provided.

A waiver of objections to any irregularity in the finding of

the indictment and to the jurisdiction, was entered of record by the defendant.

After verdict against the defendant he moved an arrest of judgment. — "Because the indictment no where avers, that the defendant had the ten bills, alleged to be counterfeit, at one and the same time," and because this Court has no jurisdiction of the case.

The opinion of the Court, SHEPLEY, C. J., TENNEY, WELLS and APPLETON, J. J., was drawn up by

SHEPLEY, C. J. — The case is presented on a motion in arrest of judgment.

The indictment alleges, that the prisoner "on the fifteenth day of April in the year of our Lord one thousand eight hundred and fifty-one, had in his custody and possession ten false, forged and counterfeit bank bills," knowing them to be counterfeit with the intention to pass the same.

At the time of the trial this Court had jurisdiction of the offence described in the fifth section of the statute, chap. 157, which provides, "if any person shall have in his possession at one time ten or more" such bills with such knowledge and intention, he shall be punished by imprisonment for life. It had not at that time jurisdiction of the lesser offence described in the sixth section.

The possession of ten such bills at one time, with such knowledge and intention, is an offence of a much more aggravated character, than that of having any number of such bills with such knowledge and intention at different times during the same day.

The greater offence is not committed by the possession in that manner of ten such bills at different times during the same day. *Edwards* v. *Commonwealth*, 19 Pick. 124.

It must appear from the averments contained in the indictment, that the accused had the ten bills in his possession at one time.

It is insisted, that the averment, that the ten bills "were then and there retained and kept in the possession of the said

Horace Bonney, so that the jurors aforesaid cannot set forth the tenor thereof" is equivalent to an averment, that he had possession of them at one time.

The words "then and there" have reference to the day before named, and the averment amounts to no more than, that the ten bills were retained and kept on that day so that the jurors could not set forth the tenor thereof. That averment might be true, and yet some of them might have been destroyed or otherwise disposed of before others came into his possession.

A waiver of "all objections to any irregularity in finding of indictment and to jurisdiction," was voluntarily entered of record by the prisoner ; but this Court cannot acquire jurisdiction by consent, and a waiver can amount to no more.

It is insisted, that this Court may nevertheless impose a sentence by virtue of the statute, ch. 166, § 7, which provides, that when a person is acquitted of part of the offence and found guilty of the residue thereof, he may be sentenced for the offence, of which he is found guilty, although such offence, is not within the jurisdiction of the Court.

The case provided for in that section is not presented by the proceedings in this case ; for the prisoner was not indicted for an offence, of which this Court had jurisdiction, and acquitted of a part of that offence.

The prisoner is charged with an offence, over which the late Distict Court had jurisdiction. It could not be transferred to this Court for trial, and the proceedings, by which it was attempted, were of no effect.

If that Court were now in existence the indictment would be remanded to it for trial. The cases pending in that Court having been transferred by law to this Court, which has now jurisdiction of the offence, the case may be called up for

trial at the next term of this Court for the trial of criminal cases.

*The verdict rendered in this Court is set aside.*

*Baker* and *Paine*, for the defendant.

*Vose*, County Attorney, *contra*.