HON. PIERPOINT ISHAM, }
HON. MILO L. BENNETT, } ASSISTANT JUDGES.

---

THE STATE *v.* ALANSON BURT AND OTHERS.

*Indictment for impeding an officer. Demurrer.*

In an indictment against one for impeding an officer in the execution of his official duty, the allegations must show the nature of the official duty, the manner of its execution, and the mode of resistance. *State* v. *Downer*, 8 Vt. 424.

An indictment for an assault of an officer in the execution of his office, *as at common law*, or under the general statute, upon the matter of a breach of the peace, is good, without setting forth the nature of the official duty, manner of execution or mode of resistance, and may be sustained, notwithstanding the higher penalty superadded to the offence by the statute.

And if a count in an indictment for a common assault, would be good, with the addition of the battery, it is equally good for the assault without the battery.

And it is of no importance, that the conclusion of the count is against the statute, unless the count is claimed as good under the statute, for it may be regarded as surplusage, or the conclusion against the statute may be regarded as applicable to the proper statute.

And the allegations, in regard to the character of the person assaulted, are not necessary to be proved, being mere descriptions of the person, and the impeding and hindering the person are mere consequences of the assault.

THIS was an indictment for impeding an officer, and was as follows, after the formal part: "that Alanson Burt, &c., of, &c., on "the second day of January, A. D. 1852, with force and arms, at "Newbury aforesaid, in and upon one Andrew Renfrew, then and "there being, constable and collector for the town of Newbury "aforesaid, under the authority of this state, and in the execution "of his said office, then and there also being, an assault did make, "and him the said Andrew Renfrew, so being constable and collect- "or as aforesaid, and in the execution of his said office, did impede "and hinder in the execution of his said office, contrary to the "form, force and effect of the statute, in such case made and pro- "vided, and against the peace and dignity of the state."

To this indictment the defendants demurred.

The County Court, January Term, 1853,—COLLAMER, J., presiding,—overruled the demurrer. Exceptions by defendants.

—— —— for defendants.

It is insisted, in the present case, that the crime of hindering and impeding an officer in the discharge of his duty, by no means includes and implies an assault. There are a variety of ways in which an officer may be hindered and impeded, without an assault. An assault is not a constituent part, by any necessity, of impeding, as in the case of rape, robbery, false imprisonment and the like. Hence, in an indictment for hindering and impeding, an assault is not a necessary allegation. Although it *may*, it does not necessarily enter into, and make a constituent part of the offence. Hence it is insisted, if a prosecutor would have the advantage of a common assault, it must be by a special count for that purpose; as an assault, and hindering and impeding, are distinct and separate offences, the latter not necessarily including and involving the former.

As well might the court hold an indictment good for common

assault, charging the defendant for assaulting another and publishing a libel concerning him, or assaulting and selling him ardent spirits without a license, or assaulting another and passing to him counterfeit money, or assaulting and administering an oath to him unlawfully.

It is hardly supposable, that because a prosecutor *prefaces* the crime intended *by an assault,* the indictment *therefore* is to be held good for the assault, when the principal crime is insufficiently set forth, unless such crime embraces, includes, or necessarily implies the assault.

In the present case, the indictment was manifestly intended for hindering and impeding ; and though *prefaced* with *an assault,* it has not the merit of alleging that *thereby,* or *by reason* of *the assault,* the officer was hindered and impeded.

The second count in *State* v. *Downer et al.,* 8 Vt. 424, was a much better charge than the present, either for an assault or for impeding, but it was held bad by the court on motion, in arrest. That count contained all the elements of an assault and battery, yet it was predicated on the statute for hindering and impeding, and manifestly designed for that offence, it was held bad. In that case, there was a count in common form, for an aggravated assault, at common law, which saved the indictment. In this case there is none, and must therefore, for the foregoing reasons, and upon the principles settled in *State* v. *Downer,* fall before the demurrer.

This indictment, containing but one count, is subject to the objection of being *double,* embracing *an assault,* and the crime of *hindering and impeding,* two distinct offences in one count, and the greater not necessarily embracing or implying the latter. *Regina* v. *Reid et al.,* 1 E. L. & E. 595. *Regina* v. *Baker,* 47 E. C. L. 253. *Regina* v. *Crampton,* 41 E. C. L. 188. *Regina* v. *Draper,* 47 E. C. L. 174. *State* v. *Nelson,* 8 N. H. 163. ·*Commonwealth* v. *Symonds,* 2 Mass. 163. *Rex* v. *Osmer,* 5 East. 304. In the case, *State* v. *Rowell et al.,* decided by this court in 1843, (not reported,) there was a far better indictment, for assaulting and impeding an officer, than in the present case, and judgment was arrested.

*B. Martin* for State.

It is submitted, that if the indictment in this case is good for an

assault, though not good for the higher offence of impeding an officer, in that case the demurrer was rightly overruled.

This indictment charges an offence at common law, and also by statute. Comp. Stat. Chap. 107, § 1.

It is a transcript (except that the blanks are filled) of No. 218 of Aiken's Forms.

Suppose the pleader only intended to charge a common assault. Would a demurrer lie, because he did not charge an impeding under the statute? If so, by what rule of law? As well demur because the indictment did not charge arson or murder.

This indictment is in substance and legal effect the same, and the same in form, as the first count in the case *State* v. *Downer & Fuller*, 8 Vt. 426, except that charged assault and battery, and this only an assault.

The opinion of the court was delivered by

REDFIELD, CH. J. This indictment is clearly insufficient, for the offence of impeding the officer, under the statute, as was held in *State* v. *Downer et al.*, 8 Vt. 424.

But it seems to us, that it is sufficient for a common assault, as at common law, or under the general statute, upon the matter of breach of the peace. The count in this indictment differs in but two particulars, in its legal effect, so far as I have noticed, from the first count in the indictment, in the case of *State* v. *Downer et al.*, which was held good. 1. It does not allege a battery, and that did. 2. This count concludes against the statute, and that did not. But neither of these particulars affect the legal force of the count. If the count would be good, with the addition of the battery, it is equally good for the assault now. And the conclusion against the statute is of no importance, unless the count is claimed as good under the statute. It may be regarded as surplusage, or the conclusion against the statute may be regarded as applicable to the proper statute.

The allegations, in regard to the character of the person assaulted, are not necessary to be proved, being mere description of the person; and the impeding and hindering the person, are mere consequences of the assault. No other offence is alleged, and the assault is alleged; so that there is no defect, and no duplicity.

This case is no doubt very similar to that of the *State* v. *Row-*

*ell*, in this county, in 1843; but that case contains more of the description of the statute offence, and from the bill of exceptions in that case, it did not appear that any assault was committed, I think. It therefore became necessary to open the case. And at the moment, the majority of the court, inclined to arrest the judgment, upon farther examination and reflection, the decision was regarded as too doubtful to merit or justify a report, and as to the sufficiency of the count, was no doubt unsound.

Judgment, that the indictment is sufficient, and that the respondents severally pay a fine of $———, and be jointly holden for the costs.