Hon. JAMES BARRETT,
Hon. HOYT H. WHEELER,
Hon. HOMER E. ROYCE,
Hon. JONATHAN ROSS,
} ASSISTANT JUDGES.

---

C. G. DROWN ET ALS. *v.* THE TOWNS OF BARTON, WESTMORE, AND SUTTON.

*Motion to Dismiss.* *Road Petition under § 64, ch. 24, Gen. Stat.*

The citation attached to a road petition brought to the supreme court under § 64, ch 24, Gen. Stat., must be to the defendant town ; and if only to the selectmen of such town, naming them, although properly served on them, the petition will, on motion, be dismissed.

THIS was an application to the supreme court under § 64, ch. 24, of the Gen. Stat., for laying out a highway through the towns of Barton and Westmore, in Orleans county, and Sutton in Caledonia county. The facts sufficiently appear in the opinion of the court.

———— ————, for the plaintiffs.

6

*Edwards & Dickerman*, for the defendants.

The opinion of the court was delivered by

Royce, J. This was an application made to the supreme court under sec. 64 of chapter 24 of the General Statutes, for the appointment of commissioners to lay out a highway. The only summons which was served with the petition, was one directed to the selectmen of the defendant towns, naming them, and service was made on the first selectman in each of the towns in the order in which they were named in the summons. The defendants moved to dismiss the petition, for the reason that the defendants were summoned to appear in court in their individual capacities to answer to said petition, and because there was no summons attached to said petition, or otherwise, by which the defendant towns were called or cited in to answer to said petition.

The section of the statutes above referred to provides that when application shall be made to the supreme court, that court shall proceed in the same manner as the county court when the towns lie in the same county. Sec. 44 of the same chapter prescribes the mode of proceeding when application is made to the county court, and requires that the petition, with a citation, shall be served on one of the selectmen of each town, at least twelve days before the session of said court.

This being a statutory proceeding, all the substantial requirements of the statute must be observed, to give it validity. It is obvious that the object and purpose of requiring the petition and citation to be served, was to give notice to the parties to be affected by the proceedings. The parties are the defendant towns. The selectmen are not parties to the proceeding. They are designated as the persons upon whom service of the petition and citation is to be made, but this does not make them parties, any more than the town clerk is made a party by the service of papers against the town upon him.

The service seems to have been made in the manner required by the statute, but as there was no citation or summons to the defendant towns served with the petition, the petition for this reason must be dismissed with costs.