STATE *v.* EUGENE CARPENTER AND THOMAS FASSETT.

*Indictment. Hindering an Officer. Policeman. Arrest in Judgment. Assault.*

The respondents were indicted for hindering an officer. One of them pleaded guilty, and moved in arrest of judgment for the insufficiency of the indictment. *Held,*

1. That it was not necessary that the manner in which the officer was attempting to discharge his duty should be averred in the indictment.
2. But it must be alleged that the accused *knew, at the time of the hindrance,* that such officer was one of the officers described in the statute, whom it is made a crime to hinder. And if it is not so alleged, such defect may be taken advantage of in arrest of judgment.

State *v.* Carpenter.

3. The indictment, as charging the crime of hindering an officer, under R. L., s. 4284, is insufficient ; but sufficient as charging the crime of assault.
4. Power of policeman in an incorporated village, stated.
5. R. L., s. 4284, hindering an officer ; s. 2794, village police, construed.

HEARD by the court, September term, 1881, POWERS, J., presiding. The court overruled the motion in arrest. The following is the indictment :

STATE OF VERMONT, }
Chittenden County, ss. }

Be it remembered, that at a county court, begun and holden at Burlington, within and for the county of Chittenden, on the third Tuesday of September, A. D. 1881, the grand jurors within and for the body of the county of Chittenden aforesaid, now here in court duly empaneled and sworn, upon their oath present that Eugene Carpenter, and Thomas Fassett, of Burlington, in the county of Chittenden, on the, to wit : 12th day of September, A. D. 1881, at Burlington, in said county of Chittenden, with force and arms, in and upon Joseph A. Larose, then and there being a police officer of the city of Burlington, in the county of Chittenden aforesaid, under the authority of the State, did an assault make by then and there beating him, the said Joseph A. Larose, with fists, clubs, feet and sticks, and did then and there by means of which impede and hinder the said Joseph A. Larose, police officer aforesaid, while in the execution of his said office, of police officer as aforesaid, and while he as such police officer was engaged in attempting to quell and quiet a disturbance of the public peace between them, the said Eugene Carpenter and Thomas Fassett, and other persons to the grand jurors aforesaid at present unknown, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

The other facts appear in the opinion.

*G. B. Shaw*, for the respondent.

*M. A. Bingham*, for the State.

The opinion of the court was delivered by

ROYCE, J. The respondents were indicted under sec. 4284 of the R. L., for hindering an officer in the execution of his office. Fassett was tried and found guilty. Carpenter then withdrew his plea of not guilty and pleaded guilty, and after verdict and before judgment, moved in arrest of judgment for the insufficiency of the

indictment, because it is not alleged therein with sufficient particularity and accuracy :

1st. The nature of the officer's official duty and the manner of its execution.

It is provided by sec. 2794 R. L., that a policeman appointed by the trustees or bailiffs of an incorporated village, shall have the same powers within the limits of the village in criminal matters as constables. A constable may without warrant, (and it is his official duty *virtute officii*) interfere to prevent a breach of the peace, and when an affray takes place in his presence, may keep the parties in custody until it is over, or take them immediately before a magistrate. 1 Chitty's Crim. Law, 17. And it is not necessary that the manner in which he was attempting to discharge that duty should be averred in the indictment.

2d. That there is no sufficient allegation that Carpenter, at the time of the alleged assault, hinderance and obstruction, knew that Larose was a police officer or acting in such capacity.

To constitute the crime under the statute of hindering an officer in the execution of his office, it must he shown that the party accused knew at the time he is charged with hindering such officer that he was one of the officers described in the statute that it is made a crime to hinder ; and that being a fact that must be found to justify a conviction, it was necessary that it should be alleged in a traverseable form in the indictment that the party had such knowledge.

It was held in *State* v. *Downer et al*, 8 Vt. 424, that it should be alleged that the respondent knew of the character in which the officer claimed to act; and in *State* v. *Burt et al.*, 25 Vt. 373, an indictment in which no such averment was made, was held bad upon demurrer. It cannot be presumed that the respondent had such knowledge ; and the possession of it was a necessary element to constitute the crime. The indictment was therefore fatally defective for not alleging it. The defect, being one of substance, was not cured by the plea ; and although it might have been taken advantage of by demurrer, it may be urged in arrest of judgment. 4 Bl. Com. 375 ; 1 Chitty's Crim. Law 539.

The indictment being bad for the reasons stated, as charging

the respondent with the statute crime of hindering an officer in the execution of his office, it is unnecessary to notice the other objections that were made to it. The court overruled the motion; and although the indictment was defective in the particular above stated, yet if it contained a complete description of such facts and circumstances as constituted a crime, it was properly overruled. In *State* v. *Burt et al, supra,* there was only one count in the indictment; and that was based upon the statute against hindering an officer in the execution of his office; and although it was held to be bad as charging the commission of a crime under that statute, it being alleged that the respondent made an assault upon the officer, the court held that it was sufficient for a common assault at common law or under the general statute upon the subject of breach of the peace. Here the respondent is charged with having committed an assault and battery upon the officer. That case and *State* v. *Downer et al., supra,* are full authorities for holding that the indictment was sufficient as charging the respondent with the crime of having committed an assault and battery upon the officer. There was no error in overruling the motion, and the respondent takes nothing by his exceptions.