## STATE *v.* FRANK THORNTON.

### *Arson. Lesser Offense. Motion in Arrest.*

The indictment charged the respondent with having set fire to and burned "a certain barn of one " B., &ast; &ast; &ast; "it being an outbuilding adjoining the dwelling house of the said" B. The offense charged was punishable by sec. 4126, R. L., as amended by the act of 1882, No 84 : the offense proved was punishable by sec. 4128, R. L. Both sections are to prevent the unlawful burning of buildings; the former to protect the dwelling house; the latter, every building ; by one section the offender could be imprisoned for life ; by the other, not more than ten years. *Held.*

1. That a conviction under the indictment can be had for the lesser offense.
2. That it is to be presumed, in the absence of any statement to the contrary, that the court properly instructed the jury to return a verdict for the lesser offense, the charge of the court, the sentence, and the evidence, being appropriate to such conviction.
3. MOTION IN ARREST. This indictment on its face is sufficient ; hence, the motion in arrest was properly overruled, as such a motion is addressed to errors apparent upon the record.

ARSON. Trial by jury, September Term, 1883, VEAZEY, J., presiding. Verdict, guilty. The court rendered judgment on

the verdict, and sentenced the respondent to hard labor in the house of correction, at Rutland, for two years.

Indictment: That Frank Thornton of Brandon, in the County of Rutland, on the twentieth day of May, in the year of our Lord one thousand eight hundred and eighty-three, at Brandon, in the County of Rutland aforesaid, with force and arms, a certain building, to wit: a certain barn, of one Bradley Barlow there situate, it being an outbuilding adjoining the dwelling house of the said Bradley Barlow there situate, feloniously, wilfully and maliciously did set fire to and burn, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

Requests:

1. In this cause the jury, in order to convict the respondent, must find that the fire in question was purposely and wilfully set by some one, and with the intent to burn the barn in question:

2. That it was not of accidental origin:

4. That the barn in question was in fact, at the time of the fire, an outbuilding adjoining a dwelling house:

5. And that it was an out-building adjoining the dwelling house of said Bradley Barlow:

As to the first and second requests, the court declined to charge as requested. But did say to the jury: "Allusion has been made to this as an accidental fire. An accidental fire is not a crime, but no evidence has been introduced in this case that the respondent accidentally set this fire. His defense is not put on that ground. But in order to convict him you must find that he purposely and wilfully set the fire, not accidentally, and that the barn was the property of Mr. Barlow as alleged."

*Lawrence & Meldon,* for the respondent.

There is a clear distinction between secs. 4126 and 4128. *Commonwealth* v. *Burrell,* 16 Pick. 154. There was no dwelling house on the premises. Bish. Stat. Cr. sec. 279 ; 1 Arch. Cr. Pl. 663 ; Rosc. Crim. Ev. 265 ; *Commonwealth* v. *Barney,* 10 Cush. 478 ; *State* v. *McGowan,* 20 Conn. 245. On the above authorities the respondent should have been acquitted.

*State's Attorney,* for the State.

At common law arson was a crime against the *security* of the dwelling house as such. *State* v. *Hannett,* 54 Vt. 83. The act of 1882 makes it a crime against the dwelling house as *property.*

The opinion of the court was delivered by

Ross, J.  The indictment charges the respondent with having set fire to and burned " a certain barn of one Bradley Barlow,"

State *v.* Thornton.

\*    \*    " it being an outbuilding adjoining the dwelling house of the said Bradley Barlow," contrary to the statute, etc. The entire charge in the indictment, if proven, was an offense against sec 4126, R. L., as amended by the act of 1882. If that part of the charge which relates to the barn being an outbuilding adjoining the dwelling house of Bradley Barlow, can be rejected as surplusage, or if a conviction can be had for burning the barn alone, under this indictment, then it may be treated as an indictment under sec. 4128, R. L. Whether a conviction can be had under this indictment for the lesser offense is the principal question in the case. The charge of the court, as well as the evidence, was appropriate to such conviction; but evidently erroneous for a conviction under the former section. To entitle the State to a conviction under the former section, it was incumbent upon it to establish that the building, which had formerly been used for a dwelling house upon the premises, on which the barn consumed stood at the time of the fire had not ceased to be a dwelling house. This is shown by all the authorities cited by the respondent's counsel. The evidence fell short of establishing such use of the building. If the case was to be submitted to the jury, as coming alone under sec. 4126 as amended, the requests of the respondent's counsel, which were not complied with, were pertinent, and should have received the attention of the court. But it is evident that the court treated the case proved, as establishing the lesser offense, that of burning the barn, without regard to its relation to the other building denominated the dwelling house of Mr. Barlow. The court told the jury, that, in order to convict, they must find that the respondent purposely and wilfully, not accidentally, set the fire, and that the barn was the property of Mr. Barlow as alleged. This was a substantial compliance with the respondent's first and second requests, and such a charge in substance as the case called for, if a conviction for burning the barn simply could be had under the indictment. It is to be presumed, in the absence of any statement to the contrary, that the court properly instructed the jury to return a verdict for the lesser offense charged, if they

should find the respondent guilty of any offense under the indictment; and that the jury found the respondent guilty of the lesser offense. The sentence imposed is in accordance with such a verdict. Hence, it is seen, that the one contention is, whether under the indictment a conviction can be had for the lesser offense, or against sec. 4128, R. L. In note 1 to page 387 Arch. Cr. Pr. & Pl., it is said: "But it is a general rule which runs through the whole criminal law, that it is sufficient to prove so much of the indictment as proves the defendent to have been guilty of a substantial crime therein stated, though not to the full extent charged against him." Again in the text, p. 388: "But where a felony is made additionally penal by statute, if committed at a particular time or place, or under particular circumstances, then if the time or place, or circumstances be not proved, the offender may still be convicted of the simple felony." * * "So in all cases of offenses, which, either at common law or by statute, include others of a less degree of enormity, if you fail to prove the greater offense but prove the less, the defendant may be convicted of the latter."

Neither the principle embodied in the quotations, nor its application, is new or unfamiliar in the judicial administration of the criminal law of this State. It was applied in *State* v. *Downer* et al., 8 Vt. 424; in *State* v. *Burt* et al., 25 Vt. 373; in *State* v. *Carpenter*, 54 Vt. 551, and in many other cases. Applying this principle to the case at bar, no error is apparent in the charge or failure to charge by the County Court.

Its application also shows that the motion in arrest was properly overruled. That motion is predicated, substantially, upon the same grounds as the claimed errors in the charge, and refusal to charge. Besides, on its face the indictment was sufficient. An insufficiency in the evidence to sustain a conviction for the greater offense could not be reached by a motion in arrest of judgment. Such motions are addressed to errors apparent upon the face of the record.

The result is that judgment is rendered that the respondent takes nothing by his exceptions.