80   385
104  316
104  322

# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## RYAN v. THE COMMONWEALTH.

### APRIL 2nd, 1885.

### (HINTON, J., absent.)

1. CRIMINAL JURISDICTION AND PROCEEDINGS.—Questions of jurisdiction may be raised by demurrer; by motion for instructions; by motion in arrest of judgment, on general issue; and by writ of error.

2. IDEM—*Construction of Statutes.*—Unless a statute by its language, expressly or by necessary implication, demands such construction, it will not be construed as repealing a previous statute, or as being retrospective.

3. IDEM—*Case at bar.*—Prior to act of January 31, 1884, incorporating the city of Roanoke, and to act of February 25, 1884, creating the hustings court of that city, the county court of Roanoke county had jurisdiction of all offences committed within that county, which embraced what afterwards became the limits of that city. In May, 1884, in that hustings court M. R. was indicted for the murder of her husband, who died January 27, 1884, within those limits.

HELD:

The hustings court had no jurisdiction over the offence.

Opinion states the case.

*G. W. Hansbrough*, for the prisoner.

*Attorney-General, F. S. Blair*, for the commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

This is a writ of error to a judgment of the hustings court of Roanoke City, rendered June 20th, 1884, on an indictment against Marcella P. Ryan, charging her with the murder, by poison, of P. H. O. Ryan; by which judgment, the sentence of death was pronounced upon her.

An inspection of the record of the said judgment and proceedings in the case, discloses, that the said hustings court erred in several particulars, to-wit:

In overruling the demurrer to the indictment, and to each count thereof, for want of jurisdiction; and in refusing to give the jury an instruction asked for by the prisoner, in the words and figures, following, to-wit: "The court instructs the jury that if from the evidence they believe that the offence in the indictment alleged against the prisoner was committed before the 31st day of January, 1884, (that is, before the passage of the acts of assembly creating the said city and the said court), then the jury shall find the prisoner *not guilty*, as charged in the indictment."

This instruction raises the question of the jurisdiction of the corporation court of Roanoke city to try and determine the offence, which is charged in the indictment to have been committed on the 27th day of January, 1884. Such question of jurisdiction may be appropriately raised by a motion for instruction; by demurrer; by motion in arrest of judgment on general issue; or by writ of error; the evidence showing that the deceased died on 27th of January, 1884, as alleged in the indictment. Harris' Cr. Law, 305; *Phillips' Case*, 19 Gratt. 519.

Prior to the 31st January, 1884, when the act was approved which incorporated and defined the limits of the city of Roanoke (if not up to February 25th, 1884, when the act was approved, which established a corporation court for said city, and defined how far and to what its jurisdiction extends), [Acts 1883-4, pp. 87 and 217], the county court of Roanoke county had exclusive original jurisdiction for the trial of all offences committed within the limits of said county (Acts 1877-8, p. 339, sect. 1,), and the

deceased came to his death in what was then, that is, 27th of January, 1884, within the limits of the said county.    Up to 31st January, 1884, the county court of Roanoke county certainly had exclusive jurisdiction to try the offence charged in this indictment, and that jurisdiction was not taken away from the said county court by the act incorporating the city of Roanoke, *for that act created no court.*

The act establishing the court, and defining its jurisdiction, was approved February 25th, 1884; and in order to extend the jurisdiction of the said court to this offence, it is necessary to repeal a statute (Acts 1877–8, chap. 17, sec. 1), and take away a vested jurisdiction, by mere implication; and to give the act establishing the court a retrospective operation beyond the date of its commencement; and, *ex post facto*, to consider an offence which was committed within the limits of Roanoke county as having been committed within the limits of the city, whose limits had not then been created or defined, when the language of the act, neither expressly nor by necessary implication, will warrant no such construction.    A statute will not be repealed by implication, unless the latter (statute) is so inconsistent with the first that they cannot stand together.    *Hogan* v. *Guigon, J.*, 29 Gratt. 705.    In this case, construing the latter as prospective, there is perfect consistency between it and the former act.    Repeal by implication is not favored by the courts; and the presumption is always against the intention to repeal, where express terms are not used; or there is no positive repugnance. *Vide Davies & Co.* v. *Creighton,* 33 Gratt. 698, and authorities there cited.    And in *Crigler* v. *Alexander,* 33 Gratt. 677, the court says, "The general principle deduced from these authorities is, that no statute is to have a retrospect beyond the time of its commencement; and this principle is one of such obvious convenience and justice that it must always be adhered to, unless in cases where there is something on the face of the statute putting it beyond doubt, that the legislature meant it to operate retrospectively.    And although the words of the statute may be

broad enough, in their literal extent, to comprehend existing cases, they must yet be construed as applicable only to cases that may *thereafter* arise, *unless* a contrary intention is unequivocally expressed therein. Dwarris' Notes, 126." But even if the act establishing the court (February 25th, 1884,) be given a retrospect from that date, surely its retrospection could not be held to antedate the act of January 31st, 1884, which incorporated the city itself, and created and defined its limits. To give the city and its limits a locality before they were created and defined, would subject offences committed within those limits to the ordinances of the city, where they could be construed as violative of those ordinances before their ordainment, and thus make them *ex post facto;* which is the effect which the construction operated in this case by the hustings court of Roanoke city. This conclusion disposes of this appeal, and renders it unnecessary to pass upon the numerous other errors assigned. The demurrer to the jurisdiction of the court should have been sustained, the indictment quashed, and the case dismissed from the hustings court of Roanoke city, for want of jurisdiction to hear and determine the case.

JUDGMENT REVERSED.