WILLIAM F. GARRISON v. THE FARMERS' MUTUAL FIRE INSURANCE COMPANY OF SALEM COUNTY.

1. Where a policy of fire insurance is renewed from year to year, the description of the insured property in the original policy must be applied to the condition of the property at the date of the last renewal.

2. A building was described in a policy as a saw mill, size twenty-nine by forty-eight feet. The portion used for a saw mill was first built. Then an addition was built to the old building, with no partition between the two portions. In the lower story of the new part and in

the upper story of both parts was placed machinery for a sash and blind manufactory. The size of the whole structure was forty-three by forty-eight feet, but the size of each part did not appear. *Held,* that the insurance was upon the entire structure, and so the new part is not to be regarded as a distinct building, the existence of which breaks the warranty.

On rule to show cause why a new trial should not be granted.

Argued at February Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the rule, *Clement H. Sinnickson* and *Martin P. Grey.*

*Contra, John B. Huffman* and *Herbert W. Edmunds.*

The opinion of the court was delivered by

REED, J.   This action is upon a policy of fire insurance. The policy was originally written in July, 1888, for one year. It was renewed yearly, the last renewal having been made in July, 1891, for one year. The property insured was destroyed by fire on the following January 30th. The main defence interposed at the trial was that there was, in the policy, a mis-description of the property insured, which avoided the contract of insurance.

The building was described as a saw mill. The evidence showed conclusively that, at the time the policy was originally written, and for nearly three years afterwards, a part of the building used as a saw mill was also used as a sash and blind factory.

It was uncontradicted that the rate of insurance for a sash and blind factory was nearly, if not quite,· double the rate for a saw mill. One of the conditions attached to the policy is this: "If he [the insured] should cause the subject insured to be described in the policy otherwise than it really is, so that the same will be charged at a lower premium than other-wise proposed, or such description be false or fraudulent, such insurance will be void and of no effect."

The plaintiff, however, insisted that there was no such use of any part of the building on or after July, 1891, the date of the last renewal. The trial justice charged that the policy, in respect to description of the insured property, must be read as of the date of the last renewal; that the question for the jury was whether, at that date, the building was used as a sash and blind factory. If it was not so used, then the description of the building as a saw mill was correct. . The jury found that it was used then and subsequently only as a saw mill. To this part of the charge an exception was sealed.

We see no error in this construction of the contract. It is, indeed, true that the terms of the old contract were continued in the new. But the risk assumed under the old contract expired with it, and each renewal was the beginning of a new risk. *Noyes* v. *Hartford Fire Insurance Co.*, 54 *N. Y.* 668. So far as the descriptive clauses were concerned, they are properly applicable to the insured premises at the time of the assumption of the new contract.

Again, it was the subject-matter of an exception that the court charged that falsity in description, which, under the terms of this condition, avoided the policy, was an intentional false description. But, inasmuch as the falsity of the description of the insured building was ignored by the jury in its general finding for the plaintiff, there is no ground for the exception.

The effect of the verdict appears in this way: The jury was charged that, inasmuch as it was uncontradicted that the rate of insurance for a sash and blind factory was greater than for a saw mill, it follows that, if the mill was improperly described as a saw mill, because of its use, also, as a sash and blind factory, this misdescription avoided the policy.

The finding of the jury necessarily involved the finding that there was no misdescription in this respect, and therefore there could be no falsity in such description.

It is contended, further, that there was a misrepresentation, which, under the third condition, avoided the policy. This condition provides that "if any person insuring any property

in this company shall make any misrepresentation or conceal-
ment in the application or otherwise,    *    *    *    such assur-
ance shall be void."

It appears in the testimony that a two-story building was
first erected, in the lower story of which was placed the
sawing machinery. Afterwards, alongside of this building,
another structure two stories in height was erected, in the
lower and upper stories of which, as well as in the upper
story of the building first erected, the planing and other
machinery of the sash and blind business was placed. The
buildings were completed at the time the original insurance
policy was executed.

In the application it is stated that there are no other build-
ings near the insured property. There were no other build-
ings near, unless the last-erected structure is to be regarded
as a building distinct from the first-erected building and the
insurance is confined to the latter-named building. The
building last erected was joined to the first. There was no
partition between them. The upper story of both was used
for machinery belonging to the sash and blind business.
The entire structure was designed to be used for the com-
bined business of sawing lumber and manufacturing sash and
blinds.

It is true that the size of the building insured, as stated in
the application, is twenty-nine by forty-eight feet, and the
size of the combined buildings is actually forty-three by forty-
eight feet. But it does not appear in the testimony that the
dimensions first mentioned are applicable to the saw mill
portion of the structure. It does not appear what the dimen-
sions of each part are. So that, for the purpose of fire insur-
ance, the entire structure can, in my judgment, be regarded
only as a single building.

Mr. Hand, a witness for the defendant, is an insurance
agent, and as such had made a survey of this property for
another company. He was asked : "What was the character
of that building? Was it in more than one part or not?"
He replied : "Well, it is what I should call one building—

frame building—as an insurance agent." In his report to his company he treats it as a single building, forty-three by forty-eight feet in size.

Mr. Reuben Townsend, who made the survey for the present insurance, referred to his memorandum of that survey. He was asked: "What sized building did you find there?" and replied: "I see by my notes here, forty-two by forty-eight, two stories." He then mentions an additional one-story lean-to, thirteen by fifteen, which was a roof attached to the entire building, under which wood was sawed.

So I conclude that the structure, although parts were erected at different times, was clearly, for insurance purposes, a single structure, and was so treated.

The remaining inquiry is, what effect has the misdescription of the size? It was, by some inadvertence, described in the application as a building twenty-nine by forty-eight, when its dimensions were really forty-three by forty-eight feet. This question must, I think, be answered by an appeal to the terms of the first condition already set out. If this misdescription caused the insurance to be charged at a lower premium than would have been charged if the building had been properly described, it avoided the policy; otherwise, not. This question was left to the jury, and the verdict displays its finding that it did not.

The misrepresentations which, by the terms of the third condition attached to the policy, *ipso facto* avoid it, must be referred to other misrepresentations than those of mere description of the premises. Otherwise, the first condition would not only be a nullity, but would be entirely misleading.

The rule should be discharged.