MONTPELIER & WELLS RIVER R. R. Co. *v.* Z. MACCHI.

May Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed August 21, 1902.

*Agreement to prepay freight—Evidence—Argument of counsel—Motion in arrest—Motion to set aside verdict.*

In an action for freight charges, wherein the plaintiff relies upon a special agreement made by the defendant before the goods have gone forward, but after a bill of lading has been issued providing that the freight should be paid by the consignee, the bill of lading is admissible as a step in the transaction.

In such an action, evidence that it is the custom of the plaintiff to so indicate on the bill of lading when freight is to be prepaid, is admissible, though the witness admits that he never before shipped goods to a prepay station.

In such an action, evidence that the defendant had no title to the goods after they were placed on the car, is admissible.

In such an action, it is error to allow defendant's counsel, in argument, to state that the defendant had lost the chance to protect himself for the freight, though the evidence shows that the plaintiff delivered the goods to the consignee without demanding the freight.

The record considered under a motion in arrest does not include evidence.

A motion to set aside a verdict for which no ground is stated, is properly overruled.

ASSUMPSIT for a freight bill. Plea, the general issue. Trial by jury at the September Term, 1900, Washington County, *Start,* J., presiding. Verdict and judgment thereon for the defendant. The plaintiff excepted.

*J. P. Lamson* for the plaintiff.

The bill of lading was inadmissible. It was used, to the injury of the plaintiff, to show a contract whereby plaintiff was to deliver a car of granite and look to the consignee for the freight. The shipper is always responsible for freight charges on an implied contract. *Dyer* v. *R. R. Co.,* 42 Vt. 441; *Joslyn* v. *Ry. Co.,* 51 Vt. 92; *Newell* v. *Smith,* 49 Vt. 255.

The defendant's testimony, as to plaintiff's custom of marking bill of lading, was inadmissible. He admitted in cross-examination that he had never shipped to a prepay station.

Evidence of the ownership of the granite was inadmissible. The title to it was not in issue. The question was a mixed one of law and fact.

The argument of defendant's counsel that plaintiff lost the chance to protect himself was unwarranted and improper. *Wood* v. *Agostines,* 72 Vt. 51, and cases.

The motion in arrest should have prevailed, since the verdict was against the evidence and the law in the case.

*Gordon & Jackson* for the defendant.

The question of ownership was material. The carrier must rely upon his lien, or look to the consignee for the freight. 3 Woods Railway Law, s. 428; *Barnes* v. *Marshall,* 18 Q. B. 785; 8 Am. & Eng. Ency. Law, 969.

The bill of lading was admissible since it contained the whole contract as claimed by defendant, and all of the contract, except one thing, as claimed by plaintiff.

The remark in argument was warranted by the evidence. The plaintiff showed that the granite was delivered to the consignee without demand of the freight.

STAFFORD, J.   The defendant, a granite worker at Barre, Vt., having a job ready for shipment, called on the plaintiff for a car, and loaded it with his work, taking from the plaintiff's billing clerk a bill of lading which named a party at West Seneca, N. Y., as consignee, and provided that the freight should be paid by the consignee or owner.

The plaintiff's evidence tended to show that soon after issuing the bill of lading, and before the car left the yard, the clerk discovered that West Seneca was a pre-pay station, *i. e.,* one having no agent to collect freight, so that the car would not be forwarded by connecting roads unless the way bill was marked "pre-paid," which meant that the freight had been paid or guaranteed by the shipper; that the clerk immediately notified the defendant and the defendant promised to pay the charges if the plaintiff would forward the car; whereupon the plaintiff did forward the car, marking the way-bill "pre-paid,"

and afterwards paid the connecting roads the freight charges, which it now seeks to recover of the defendant.

The defendant's evidence tended to show that he was not thus notified, and did not so agree; and that the only contract was that shown by the bill of lading.

The plaintiff claimed to recover solely by virtue of the special agreement. A verdict was returned for the defendant.

We consider the exceptions in the order in which they are presented by the plaintiff's brief.

1. The bill of lading was properly admitted as one step in the transaction.

2. The defendant offered to show that, when freight was to be pre-paid, it was the plaintiff's custom to indicate that fact upon the bill of lading, whereas the bill here contained no such indication. The court properly ruled that this might be shown; and although the defendant, who so testified upon direct examination, admitted upon cross-examination that he had never shipped to a pre-pay station except in this instance, that did not make the previous ruling erroneous, but only served to weaken or destroy the witness' testimony.

3. The defendant offered to show that he had no title to the stone after it was loaded on the car. The plaintiff objected that it was immaterial. It was properly admitted, as against that objection, for it might well be argued that the defendant was less likely to have agreed to pay the freight if he had already parted with the title.

4. The testimony here excepted to was admitted as tending to establish the agency of a party whose declarations were to be offered in evidence to bind the plaintiff. But when the declarations came to be offered they were excluded. So this exception is immaterial.

5. In addressing the jury, defendant's counsel stated that defendant lost the chance to protect himself for the freight;

to which plaintiff's counsel objected and excepted. The allowance of the exception, standing as it did, alone, was a ruling that the statement was proper. Defendant's counsel still insist that it was proper, and for the reason that the evidence tended to show that the railroad delivered the stone to the consignee without first demanding the freight. But the case was submitted upon the theory that the plaintiff must show that the defendant undertook to pay the freight, not that he undertook to pay it if the consignee should fail to do so. Therefore, the defendant had no right to ask the jury for a verdict on the ground that, even if he had promised to pay the freight, he ought not to be compelled to do so because the plaintiff had failed to require or demand payment of the consignee. Such argument, countenanced and approved by the court, was likely to be prejudicial and might well prove controlling. This exception must be sustained.

6. The motion in arrest was properly denied, for it reaches only matter of record, and the record in this sense does not include evidence. So, likewise, was the motion to set aside the verdict, no ground being stated therefor; and the motion to render judgment for the plaintiff notwithstanding the verdict, such a motion being wholly inappropriate in any view of the case.

*Judgment reversed and cause remanded.*