## State v. Louis Shappy, Jr.

October Term, 1905.

Present: Rowell, C. J., Tyler, Munson, Watson, Haselton, and Powers, JJ.

Opinion filed November 20, 1906.

*Intoxicating Liquors—No. 115, Acts 1904—Relative Juris-diction of Municipal Courts and Justices of the Peace—Illegal Furnishing—Motion in Arrest of Judgment—Scope and Effect—Question of Jurisdiction Raised Thereby.*

A motion in arrest of judgment can be based only on matters apparent on the face of the strict record; therefore, lack of evidence to sustain a verdict cannot be considered under such a motion.

The question of a court's jurisdiction of the subject-matter of a cause may be raised at any stage of the trial, and whenever and how-ever it is brought to the attention of the court it must be con-sidered; it may, therefore, be raised by a motion in arrest of judgment.

No. 115, Acts 1904, regulating the traffic in intoxicating liquor, puts justices of the peace and city and municipal courts on the same footing as to their jurisdiction of offences against the provisions of the Act. Section 103 provides that they shall have concurrent jurisdiction with the county court of offences of being found in-toxicated, and section 114 provides that in all prosecutions under the Act, "except for intoxication, and where the respondent enters a plea of guilty," such courts may exercise the jurisdiction of courts of inquiry. Hence, the city court of the city of St. Albans, on a plea of not guilty to an information charging the illegal furnishing of intoxicating liquors, can proceed as a court of inquiry only, notwithstanding the city charter gives that court jurisdiction to "try and determine all prosecutions for such crim-inal offences committed within the city as are not punishable by death or imprisonment in the state prison."

INFORMATION for furnishing intoxicating liquor in violation of No. 115, Acts 1904. Plea, not guilty. Trial by jury in the City Court of the city of St. Albans, *Tillotson,* Judge. Verdict, guilty; and judgment thereon. The respondent excepted. The respondent moved the court to arrest judgment for want of jurisdiction. Motion denied, to which the respondent excepted.

The charter of the city of St. Albans is No. 150, Acts 1896. Section 40 provides: "The city court may try and determine all prosecutions for such criminal offences committed within the city as are not punishable by death or imprisonment in the state prison."

*H. M. Mott* for the respondent.

*Warren R. Austin,* State's Attorney, for the State.

HASELTON, J. This was a complaint for furnishing intoxicating liquors contrary to law, tried by jury in the City Court of St. Albans. A verdict of guilty was returned, whereupon the respondent moved in arrest of judgment. The motion was overruled, the respondent excepted and the case was passed to this Court before judgment and sentence.

One ground of the motion in arrest was that there was no evidence tending to prove the respondent guilty. It was early settled at common law that a motion in arrest of judgment could only be for matters apparent on the face of the strict record in the case. See cases in Salkeld and Lord Raymond. We say nothing of "pleading in arrest of judgment," the history of which is somewhat obscure, a practice which in a manner survived in the method of praying benefit of clergy and that of taking advantage of a pardon granted before judgment and sentence. In this State the common law in respect

to the scope of motions in arrest of judgment has been adhered to. Lack of evidence to sustain a verdict can not be considered under such a motion, for though the evidence be set out in the bill of exceptions, it is no part of that record proper which alone is brought in review by a motion in arrest. *State v. Thornton*, 56 Vt. 35; *Noyes v. Parker*, 64 Vt. 379, 24 Atl. 12; *Baker v. Sherman*, 73 Vt. 26, 50 Atl. 633; *Railroad Co. v. Macchi*, 74 Vt. 403, 52 Atl. 960.

Any departure from the practice of confining a motion in arrest to its proper office would be a confusing and inconvenient disregard of precedent. The trial court and litigants would often be in doubt as to what would and what would not be treated as a question raised below and reserved by exception. The first ground on which the motion in arrest is based can not be considered.

A second ground of arresting judgment set out in the motion in arrest is want of jurisdiction on the part of the City Court of St. Albans to try said cause. The question of the jurisdiction of a court over the subject-matter of a cause may be raised at any stage of a trial, and whenever and however it may be brought to the attention of the court it must be considered, and it is well enough raised by a motion in arrest when the matter relied on appears upon the face of the record. To quote from Comyn's Digest, "After verdict a man may allege anything in the record in arrest of judgment which may be assigned for error after judgment." Com. Dig. "Pleader," S. 47. The statement of Stephen is this: "Again an unsuccessful defendant may move in arrest of judgment; that is, that the judgment for the plaintiff be arrested or withheld, on the ground that there is some error appearing on the face of the record, which vitiates the proceedings. In consequence of such error, on whatever part of the record it may

arise, from the commencement of the suit to this period, the court are bound to arrest judgment." Stephen's Pl. 96.

Gould uses the following language: "In regard to the arresting of judgment after verdict, it is a universal rule that any defect in the record which would render a judgment in pursuance of the verdict erroneous, is a sufficient ground for arresting the judgment. For no court should do so nugatory an act as to render a judgment which when rendered must be erroneous." Gould's Pl., ch. X, § 10.

The true doctrine is fully recognized and stated in *Noyes* v. *Parker*, 64 Vt. 379, 24 Atl. 12, and none of our cases have departed from it; although in the opinions in *State* v. *Thibeau*, 30 Vt. 100, and *Waite* v. *Starkey*, 68 Vt. 181, 34 Atl. 692, expressions are used which taken by themselves would unduly restrict the office of a motion in arrest. These expressions occur in the course of sound decisions properly excluding certain matter from the purview of a motion in arrest, and are seen to have been inadvertent upon examination of Vermont cases in each instance cited. For the purposes of a motion in arrest "the record" means in this State all that it meant at common law and no more.

In harmony with the essential principle of a motion in arrest are cases directly to the point that want of jurisdiction apparent on the record is proper ground for arresting judgment. *Truitt* v. *People*, 88 Ill. 518; *Justice* v. *State*, 17 Ind. 56; *Reams* v. *State*, 23 Ind. 111; *State* v. *Bonney*, 34 Me. 223; *Ryan* v. *Com.*, 80 Va. 385; *Moultrop* v. *Bennett*, Kirby 351; *Robinson* v. *Mead*, 7 Mass. 353.

The question of jurisdiction, which is made here, arises upon the very face of the record and is for consideration under the motion in arrest. No. 115, Acts of 1904, puts justices of the peace and city and municipal courts on the same footing

in respect to their jurisdiction of offences against the provisions of the act. It provides in section 103 that they all shall have concurrent jurisdiction with the county court of offences of being found intoxicated, and in section 114 it provides that in all prosecutions under the act, "except for intoxication and where the respondent enters a plea of guilty," such courts may exercise the jurisdiction of courts of inquiry.

It was never meant that the City Court of St. Albans might in a given case proceed as a court of inquiry under section 114 above referred to, or, if it should choose, might proceed to try and determine the cause by virtue of the jurisdiction in criminal cases generally, given it by the charter of the city of St. Albans. The jurisdiction of justices in the administration of this law is determined without reference to their general jurisdiction in criminal cases, and, in like manner, the jurisdiction of city and municipal courts in the administration of this same law is fixed without reference to their respective charter powers.

We are confirmed in the conclusion above reached by reference to the liquor law of 1902. Section 98 of that Act provided that justices and city and municipal courts should have concurrent jurisdiction with the county court of offences thereunder. Section 114 of the existing law stands in lieu of section 98 of the former law, and a comparison of the two sections leaves no room for doubt that in the later enactment the legislative intent was to take away alike from justices of the peace and city and municipal courts, except when the plea should be guilty, the jurisdiction concurrent with the county court which they all had in a case like this under the Act of 1902. The construction of section 114 of the existing liquor law was considered in *Demarco's* case, 77 Vt. 445, 61

Atl. 36, and the conclusion here reached in the interpretation of the statute is in harmony with the decision in that case.

*The judgment overruling the motion is reversed, the motion is sustained, judgment is arrested and the respondent is discharged.*