TOWN OF BARTON *v.* TOWN OF SUTTON.

Special Term at St. Johnsbury, April, 1918.

Present: WATSON, C. J., POWERS, TAYLOR, and MILES, JJ.

Opinion filed January 23, 1919.

*Highways—Discontinuance of Highway in Two Counties—Pro-
    ceedings by One Town—Jurisdiction—Determination With-
    out Waiting for Objection—Practice Act—Void Process—
    Amendment.*

An original petition brought to the Supreme Court by one town
    against another, under G. L. 4452, to discontinue a highway located
    in the two towns in different counties, is void, because, to give
    the Court jurisdiction, the petition should have been brought
    against the towns by seven or more freeholders, as provided by
    G. L. 4453.
Wherever a defect in the proceedings fatal to its jurisdiction is
    brought to the attention of the Court, it must be considered, and
    the Court will not wait for the parties to object, but will act of
    its own motion.
Under G. L. 1795, 1796, voidable process is amendable, while void
    process is not.

ORIGINAL PETITION for the discontinuance of a highway ex-
tending through two towns lying in different counties. Heard
on the commissioners' report at the Special Term of Supreme
Court at St. Johnsbury, April, 1918. The opinion states the
case.

*Frank D. Thompson* for the petitioner.

*W. W. Reirden* for landowners.

TAYLOR, J. This is an original petition to this Court,
brought in the name of the town of Barton by its selectmen, seek-
ing the discontinuance of a highway extending from a point in
the town of Barton, Orleans County, to a point in the town of
Sutton, Caledonia County. A citation was issued to and served

upon one of the selectmen of the town of Sutton, but no appearance in opposition to the petition was entered in Court until after the hearing before the commissioners. As between the parties of record the proceedings were not of an adversary nature. On the motion of counsel for the town of Barton commissioners were appointed who have made their report. Certain land owners resisted the petition at the hearing before the commissioners and have appeared in Court in opposition to the acceptance of the report. The hearing here was on the report and exceptions thereto.

We do not reach a consideration of the merits of the case. On the petition being brought to our attention for the first time at the hearing, a defect, apparent of record reaching the jurisdiction of the Court, is discovered. The proceedings were brought under what is now G. L. 4452, which, so far as material, provides that an application to discontinue a highway extending into two or more towns in different counties shall be made to this Court, which shall have the same power and shall proceed in the same manner as the county court when the towns lie in the same county. The statute regulating the proceedings in county court then provided: "When the public good requires a highway to be laid out, altered or discontinued, extending into or through two or more towns in the same county, seven or more freeholders of such towns, or the vicinity, may apply to the county court; and such court, by commissioners appointed for that purpose, may make inquiry, and render judgment, as when the highway is located in only one town; and the same proceedings shall be had, except that the notices shall be given to the selectmen of each town." V. S. 3873 (G. L. 4453).

The procedure to be followed in laying out or discontinuing a highway is wholly statutory and the method prescribed must be substantially complied with or the proceedings will be void. 13 R. C. L. 50, 62. The statute requires that at least seven freeholders of the vicinity affected shall join in the petition to the court having power to act. Such a petition is essential to the court's jurisdiction. *Hewes et al.* v. *Town of Andover et al.,* 16 Vt. 510; *Howe et al.* v. *Town of Jamaica et al.,* 19 Vt. 607. See *Kent* v. *Village of Enosburg Falls,* 71 Vt. 255, 44 Atl. 343. That the town is not a proper petitioner is shown by the fact that the statute makes it a necessary party defendant. See *Drown et al.* v. *Town of Barton et al.,* 45 Vt. 33.

The fact that the intervening landowners have not raised the objection does not alter the situation. Jurisdiction cannot be conferred by consent where it is not given by law. Whereever a defect in the proceedings fatal to its jurisdiction is brought to the attention of the Court, it must be considered; and the Court does not wait for the parties to object but acts of its own motion. Roberts' Vt. Digest. c. 655; *Page* v. *Page's Admr.*, 91 Vt. 188, 99 Atl. 780; *State* v. *Shappy*, 79 Vt. 306, 65 Atl. 78.

*Petition dismissed. Let the intervening landowners recover their costs.*

After the decision in this case was announced counsel for the town of Barton moved the Court to strike off the judgment and allow the petition to be amended by inserting the petition of seven or more freeholders of the towns of Barton and Sutton, or the vicinity, of like tenor, and making the town of Barton a petitionee in the cause. Pending this motion the cause was entered "with the Court."

It is urged in support of the motion that the defect is amendable and that, as all parties interested have been heard before the commissioners, the amendment should be allowed to save the expense of a new hearing. The provisions of the Practice Act relating to amendments are invoked. G. L. 1795, 1796. But the defect is not "want of form," and so is not covered by the former section. Nor does the latter section confer upon the Court discretionary power to permit amendments in matters of substance in all cases where the defect is jurisdictional. While the statute should be liberally construed, it should not be given a construction that will do violence to salutary and fundamental legal principles. If the defect, though jurisdictional, is voidable merely, it can undoubtedly be cured by amendment. But if the defect goes deeper and renders the proceedings absolutely void, the Court is powerless to allow an amendment conferring jurisdiction, since that in itself would be an exercise of jurisdiction. In other words, voidable process is amendable while void process is not. *Roy* v. *Phelps*, 83 Vt. 174, 75 Atl. 13, 21 R. C. L. 1326.

These proceedings were clearly a nullity from the beginning. The town of Barton had no standing as a petitioner under the statute in question, and it is as though no one had moved the

Court. The amendment sought would amount to the substitution of a new petition with new parties, both petitioner and petitionee. Such a transformation is not contemplated by the statute of amendments. See *Sawyer* v. *New York State Clothing Co.*, 58 Vt. 588, 2 Atl. 483. The motion cannot be granted.

*Motion overruled.*