SUCCESSION
OF **8697** No. 8697

EDWARD THOMPSON

June 30th. 1922.

Court of Appeal
Parish of Orleans

June 30/22

CHARLES F. CLAIBORNE, JUDGE.

This is a suit to compel acceptance of title of property No. 1631 St. Anthony Street described as follows:

A certain lot of ground, situated in the Third District of this City, designated by the No. 9 in Square No. 36 (now 751), bounded by St. Anthony, Bourbon (late Bagatelle), Claiborne (late St. Avid), and Derbigny (late Prosper) Streets, on a plan of Ls. H. Pilie, late Surveyor, dated December 5th, 1845, deposited in the office of Jules Mossy, late Notary, and measures, in American Measure, 25' 7" 7''' front on St. Anthony Street by 128'2'' deep between parallel lines. Purchased by Edward Thompson from G. H. Schmidt by act of Joseph Cohn, Notary, dated December 8th, 1865; Reg. C.O.Bk. 88 p 695.

Edward Thompson died intestate on October 12th, 1905; he left no ascendants, nor descendants, nor collateral heirs; he married Catherine Gleason on December 13th, 1856; she survived him as his sole and only heir, under Articles C. C. 917 (911), 924 (918); 930(924) to 932 (926); 949 (943).

Widow Edward Thompson then married James Healey; she died June 8th, 1919; her succession was opened in the Civil District Court under No. 127,616; Mary Ann Hanlon, widow of James Hanley, was recognized as her sole heir and put in possession of all the property left by her.

In 1922 Widow James Hanley opened the Succession of Edward Thompson under the No. 140,911 of the Civil District Court. She alleged all the facts herein above recited and further

"that as heir at law of her said aunt, and her said aunt being the sole and only heir at law and widow in community of the said Edward Thompson, by way of representation and as aforesaid, she, said petitioner, being desirous of

completing the record and being recognized as the sole and only heir at law of said decedent as aforesaid, hereby accepts purely and simply the Succession of said late Edward Thompson and desires to be sent into possession of all his right, title, and interest in and to the properties acquired during said community, and in and to all the property left by said decedent and in particular to the Real Estate hereinafter described. She therefore prayed to be "recognized as the sole and only heir at law of the said late Edward Thompson as aforesaid and accepting his said succession purely and simply, prays that her said aunt, Catherine Gleason Thompson, his surviving widow in community, be recognized as the sole and only heir at law of the late Edward Thompson, and that the petitioner being her sole and only heir at law aforesaid she be sent into possession of all the property left by him and in particular of all his right, titles, and interest in and to the following described property, to-wit: then follows the description of two properties including the property No. 1631 St. Anthony Street.

Judgment was rendered accordingly recognizing Mrs. Catherine Gleason, widow in community of Edward Thompson, and as such owner in her own right of one undivided half of all the property acquired during the community, and also as the sole and only heir of her said husband Edward Thompson and as such owner of the other undivided half of all the community property left by him; and petitioner Mary Ann Hanlon, widow of James Hanley, was accordingly put in possession as owner of all the property left by said Edward Thompson.

Thereafter Widow James Hanley sold the property 1631 St. Anthony Street to the defendant herein, Joseph Dumett. He refused the title. A rule was taken against him to force compliance. For reasons why he would not take the title Joseph Dumett alleged: that while Edward Thompson died in 1905, his succession was opened only in 1922; that neither his widow nor Widow James Hanley com-

450

plied with Article 930 of the Civil Code in that they failed to take an inventory of the property left by Thompson, or to have an attorney appointed to represent the possible absent heirs, or to furnish bond. From a judgment against him, defendant has proceeded.

There is no doubt that under the Articles of the Civil Code cited above the surviving spouse was not siezed of right of the property of the deceased by mere operation of law, as are legal heirs, and that *her* right of possession and absolute ownership depended upon *her* compliance with those formalities as a condition precedent. 44 A. 801; 52 A. 960.

Nevertheless the surviving spouse inherited or acquired the rights of an heir, and transmitted them to her own heir even before she had exercised them.

C. C. 949 (943): "natural children and the surviving husband or wife before being put in possession of the estate left to them, are not considered as having succeed to the deceased from the instant of his death; but y do not the less transmit their rights to their hrs, if they die before having made their demand to be put into possession. The reason is, that this sort of heirs having only a right of action to cause themselves to be put in possession of successions thus falling to them, this right and this action form a part of their succession, which they transmit to their heirs". 28 A. 859 — 34 A 387 —

But since these Articles of the Code were adopted, and since those decisions were rendered interpreting them, there has intervened legislation which repealed all those portions of the above articles, requiring the formalities of an inventory, an attorney for absent heirs and a bond, as far as community property is concerned.

Act 57 of 1910 p 93 as amended by Act 80 of 1916 p 201 reads, in part, as follows:

Art. 915. "In all cases, when either husband or wife shall

die, leaving no ascendants or descendants, and without having disposed by last will and testament, of his or her share of the community property, such undisposed of share shall be inherited by the survivor in full ownership. But in the event &c".

If Widow Thompson had attempted to exercise her rights as heir of her husband at any time prior to the Act of 1910 there is no doubt that it would have been necessary for her to have complied with all the conditions of inventory, attorney for absent heirs, and bond, required by Article Civil Code 930; even a judgment, without those formalities, would not have availed her. 44 A. 801; 52 A. 960; 128 La. 752.

But even a compliance with all those requirements would not have invested the surviving spouse with a perfect title,

"in case any heir should come forward within the space of three years after his or her having been put in possession &c".

But after the passage of the Act of 1916 the law under certain conditions, constituted the surviving spouse a legal heir to the amount fixed by law, and did not require of him the performance of any formalities. The right of Widow Thompson to exercise her quality of heir of her husband originated with his death, but was held in abeyance until she, or her heir, had complied with certain formalities of law. She might have been unwilling, or unable, to comply with the conditions of the law; yet her right and that of her heir would remain in a state of suspended animation without prescription against it. In the meantime, the legislature might have repealed Article 930. When the heir in this case chose to exercise her right, she was bound to conform only to such formalities as the law required at that time.

When Widow James Hanley asked that Widow Thompson be recognized as the heir of her husband and that she be put in possession of Thompson's share of the community property, the Act of 1916 had impliedly repealed Article 930, as far as community property was concerned and constituted the surviving spouse

a legal heir seized of right of the succession of the deceased. We are therefore of opinion that the judgment obtained by Widow James Hanley recognizing her as the heir of Edward Thompson and of his widow and putting her in possession of all the community property left by them was legal and valid, and that the judgment appealed from must be affirmed.

Judgment affirmed.

June 30th, 1922.

REHEARING NOT APPLIED FOR