2009 VT 100

**TOWN OF BETHEL v. Daniel WELLFORD and Paula Wellford**

[987 A.2d 956]

No. 08-399

¶ 1. September 30, 2009. Landowner appeals from a decision by the Windsor Superior Court holding that a portion of Town Highway #34/Dunham Road traverses landowner's property, creating a right-of-way held by the Town of Bethel. Landowner contends that the trial court erred in concluding that the Town had met its burden of proving the course of Town Highway #34/Dunham Road. We affirm.

¶ 2. Landowner owns multiple parcels of land in the Town of Bethel at the northern end of Town Highway #34/Dunham Road. The present controversy over the course of Town Highway #34/Dunham Road arose when the Town began examining the sufficiency of "turn around" locations for town plow trucks on the stretch of this road that the Town contends runs through the northeast portion of landowner's property. In its complaint, the Town alleged that landowner had interfered with the Town's right to maintain this segment of Town Highway #34/Dunham Road as a town highway open to the public. There is presently little physical evidence of this "ancient road" as it traverses through landowner's property; however, the Town asserted that a town road known as the "old town road from Camp Brook to Gilead" has been in existence from 1806 to the present, is approximately 1.89 miles long, and originates south of landowner's property and travels in a north/south direction over landowner's property terminating at a point north of landowner's property. The Town sought a declaratory judgment regarding the existence of the road as a

public highway. Landowner counterclaimed, alleging that the public highway was not properly created; that even if such a road was created, it was abandoned and the Town is estopped from claiming rights to the road; and that because it is impossible to determine the exact location of the road, any attempt to reactivate the road should be treated as an alteration of a town highway.

¶ 3. In granting the Town's motion for declaratory judgment, the trial court made the following findings of fact: (1) the Town's introduction of surveyor Swanson's testimony that the beginning of Town Highway #34/Dunham Road was situated on land formerly owned by Roswell Mills and located south of landowner's property was "credible" and "established as fact"; (2) the credible evidence established that based on an 1806 land survey Town Highway #34/Dunham Road ended at the home formerly owned by Daniel Peak and presently owned by Yankee Forest, LLC; (3) there was no genuine issue as to whether a portion of Town Highway #34/Dunham Road passes onto landowner's property, and this undisputed portion of the road establishes "at the least a part of the course and distance of the original town highway"; (4) based on surveyor Swanson's credible testimony, a "Woods Road" running north from landowner's residence serves as a monument for the course of Town Highway #34/Dunham Road; (5) credible evidence established that the absence of stone walls that may have served as monuments to the location of the course of the road "is fully consistent with the character of the soils, topography and historic use of the lands"; and (6) credible evidence did not sustain the assertion that the town highway "migrated" to a location east of landowner's residence. Based on these findings of fact, the trial court concluded that Town Highway #34/Dunham Road was not a "phantom road." Instead, the court found that the road "was lawfully established and laid out as a town highway and . . . [the road's] course and distance over the lands of landowner are fairly and reasonably determinable at this time."

¶ 4. On appeal, landowner does not dispute the creation of Town Highway #34/Dunham Road; however, he contends that the Town failed to meet its burden of proving the course of the public highway with any reasonable degree of certainty.

¶ 5. We begin by setting forth the appropriate standard of review. We will uphold the trial court's findings of fact unless they are clearly erroneous, viewing the supporting evidence in a light most favorable to the prevailing party. *Highgate Assocs., Ltd. v. Merryfield*, 157 Vt. 313, 315, 597 A.2d 1280, 1281 (1991). A trial court's finding will not be overturned "merely because it is contradicted by substantial evidence; rather, an appellant must show there is no credible evidence to support the finding." *Id.* Further, "[w]here the trial court has applied the proper legal standard, we will uphold its conclusions of law if reasonably supported by its findings." *Id.* at 315-16, 597 A.2d at 1281-82.

¶ 6. At issue in this case is the existence of an "ancient road." Vermont law defines ancient roads or "unidentified corridors" as town highways that:

> (i) have been laid out as highways by proper authority through the process provided by law at the time they were created or by dedication and acceptance; and
>
> (ii) do not, as of July 1, 2010, appear on the town highway map prepared pursuant to section 305 of this title; and
>
> (iii) are not otherwise clearly observable by physical evidence of their use as a highway or trail; and
>
> (iv) are not legal trails.

19 V.S.A. § 302(a)(6)(A).

¶ 7. In an effort to quell the uncertainty that the existence of ancient roads places on private property rights, in 2006, the Vermont Legislature passed Act 178, giving towns the option of researching the existence of ancient roads, holding public hearings on these roads, and adding the roads to town highway maps by 2010. 2005, No. 178 (Adj. Sess.), § 1 (codified at 19 V.S.A. § 302(a)(6)(A)); see also E. Goldwarg, Note, *Known Unknowns: Ancient Roads in Northern New England*, 33 Vt. L. Rev. 355 (2008). All ancient roads not added to a town highway map by 2010 will revert to "unidentified corridors," and on July 1, 2015, all unidentified corridors will be discontinued and the right of way in these corridors will vest to the adjoining property owner. 19 V.S.A. § 302(a)(6)(A), (G).

¶ 8. The two sides do not dispute that a public highway, if found, gives the Town the right to maintain the road even if it runs through landowner's property. Rather, the two parties dispute whether the Town satisfied its burden of proving the course of a public highway through landowner's property. In *McAdams v. Town of Barnard* we addressed landowners' action to quiet title where a town claimed a right-of-way in an "ancient road" traversing landowners' property. 2007 VT 61, ¶ 13, 182 Vt. 259, 936 A.2d 1310. We noted that "[t]he difficulty in determining whether abandoned roads still legally exist stems from inconsistent, and sometimes incomprehensible, town records dating back two centuries or more." *Id.* We then placed the burden of proving title to the road on the town. *Id.*

¶ 9. In its argument that the Town has failed to meet its burden, landowner articulates five major objections to the trial court's findings: (1) the Town's evidence showing the beginning of Town Highway #34/Dunham Road is "speculative"; (2) the Town's evidence showing the end of Town Highway #34/Dunham Road is "speculative"; (3) the surveying tech-

niques relied on by the Town and accepted by the court are unreliable; (4) the Town's reliance on the existing portion of Town Highway #34/Dunham Road as a monument to determine the historical and present course of the road is too speculative to "establish any section of this road within any degree of certainty"; and (5) the Town relied on "highly suspect" evidence in the form of the memories of townspeople from the 1950s concerning the location of Town Highway #34/Dunham Road.

¶ 10. The trial court evaluated extensive evidence as to the historical and present course of Town Highway #34/Dunham Road, including maps, surveys, and expert testimony. To show that Town Highway #34/Dunham Road is an ancient road running through landowner's property, the Town brought forward the following evidence: deeds in landowner's chain of title referencing the right-of-way of an "old town road" across the parcel; the transcribed course and distance description of the road as laid out by the town selectmen in 1806; survey maps of the relevant land; aerial photographs of the property; excerpts from two land surveys prepared in 1855 and 1869; and recollections of town residents. In addition, the Town brought forward testimony of a licensed land surveyor, Lawrence Swanson. Surveyor Swanson's testimony included a "best fit" description of the course and distance of Town Highway #34/Dunham Road, which described the road as running through a portion of landowner's land.

¶ 11. Landowner introduced the testimony of another surveyor, Lisa Ginett, who testified that she questioned surveyor Swanson's location of the beginning of the highway and believed that it is not possible to locate the course of Town Highway #34/Dunham Road. Surveyor Ginett also testified that the existence of a "Woods Road," which passes north of landowner's residence and which at one

point connected to Town Highway #34/ Dunham Road, is inconsistent with surveyor Swanson's best fit placement of Town Highway #34/Dunham Road.

¶ 12. Upon review of the record, we conclude that the Town's proffered evidence was sufficient to meet its burden of proving the existence of a public highway and that landowner has failed to demonstrate that any of the five contested findings were clearly erroneous. The bulk of landowner's arguments surround the credibility the trial court gave to testimony from surveyor Swanson, surveyor Ginett, and several former Bethel townspeople. It is the trier of fact, however, who evaluates the credibility of the witnesses and the persuasive effect of the testimony. *Cabot v. Cabot*, 166 Vt. 485, 497, 697 A.2d 644, 652 (1997) (noting that as the trier of fact, it is the province of the trial court to evaluate the credibility of witnesses). Here, the trial court did not commit clear error in accepting surveyor Swanson's "best fit" determination of the course of Town Highway #34/Dunham Road, a determination that was based on sophisticated survey techniques and analysis. Nor did the trial court commit clear error in giving weight to testimony of former townspeople as to the location of the road, especially considering the surveys, maps, and photographs the court considered in conjunction with this testimony.

¶ 13. Moreover, landowner's contentions that there are other possible inferences to be drawn from the evidence concerning the exact location of the road are not enough to overturn the trial court's findings. See *Highgate*, 157 Vt. at 315, 597 A.2d at 1281. The trial court sifted through surveys, maps, and expert testimony, and its findings regarding the location of Town Highway #34/Dunham Road are supported by this evidence despite the fact that the exact location of the road could not be determined with 100% accuracy.

¶ 14. This situation stands in contrast to *Town of Springfield v. Newton*, 115 Vt.

39, 47-48, 50 A.2d 605, 610-11 (1947), on which landowner relies. In *Newton*, we addressed whether a road was formally dedicated and accepted as a "public highway" such that the town in which it was located was required to make repairs. In that case, we noted that determination of a public highway is a "mixed question of law and fact" and that "[w]hether the essential facts exist is for the trier of fact; whether the facts found constitute a highway is for the Court." *Id.* at 47, 50 A.2d at 610. In holding that the trial court had erred in finding that the road was a public highway, we noted that there was no evidence presented that would show two essential elements needed to establish a road as a public highway — acceptance and adoption by appropriate town authorities. *Id.* at 48, 50 A.2d at 611. Importantly, it was the issue of whether the facts supported the conclusion that there had been a dedication and acceptance that was a legal question subject to nondeferential and plenary review. See *Smith v. Town of Derby*, 170 Vt. 553, 554, 742 A.2d 757, 758 (1999) (mem.) (applying the standard of review established in *Newton* to analyze whether the facts met the legal standard for dedication and acceptance of a public highway). In contrast to the situation in *Newton*, there is no question on appeal as to whether a public highway was duly established. Instead, the controversy at issue surrounds the exact location of an abandoned, but legally existing road, which is a highly fact-specific inquiry. Landowner fails to identify any individual error of law by the trial court that would justify de novo review by this Court. See *Omega Optical, Inc. v. Chroma Tech. Corp.*, 174 Vt. 10, 18, 800 A.2d 1064, 1069 (2002) (noting that in circumstances where appellant fails to identify errors of law by the trial court and instead reargues the evidence that was before the trial court, the standard of review is a determination of whether the court's findings reasonably support its

conclusions). The trial court evaluated extensive evidence on the historic and present location of Town Highway #34/ Dunham Road, and its conclusions based on that evidence were not unreasonable.

*Affirmed.*