*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-127

NOVEMBER TERM, 2012

| | | |
|---|---|---|
| Diane LeFebvre | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Franklin Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Corey LeFebvre and Sarah LeFebvre | } | DOCKET NO. S296-11 Fc |

Trial Judge: Martin Maley

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the court's order granting her complaint for eviction, but also awarding $20,000 to defendants[*] on their counterclaim for repairs made to the property. On appeal, plaintiff argues that the court erred in adopting defendants' rendition of the facts and in failing to provide plaintiff with reasonable accommodation for her mental disability. We affirm.

This appeal involves a dispute over property between plaintiff, and defendants, her son and daughter-in-law. Plaintiff owns the land and mobile home at issue. In 2008, plaintiff was incarcerated, and defendants moved into plaintiff's home pursuant to an oral agreement. The parties dispute the nature of the agreement although both agree defendants had permission to stay there rent-free during plaintiff's incarceration provided they maintained the property. Defendants assert they improved the property while they were living there, but plaintiff disputes the extent of that work.

When plaintiff was released from jail in 2010, she sought to move back into the home. Defendants did not move, and plaintiff filed for eviction and possession of the property in July 2011. Defendants answered and filed a counterclaim, asserting that they were promised title to the property and that they had were entitled to recover amounts spent on improving the property. The matter was heard by the court in January 2012. At trial, defendant, Corey LeFebvre, testified that the repairs were worth $100,000. The court issued a written decision in February 2012. The court found that the parties had an oral agreement, which allowed defendants to stay

---

[*] The complaint names both Corey and Sarah LeFebvre as defendants. Although only Corey has filed a brief in this appeal, we refer to both defendants in our decision.

in the house while plaintiff was incarcerated and live there permanently if they made repairs, maintained the property, and preserved plaintiff's belongings. The court found that as part of this agreement plaintiff planned to move into an additional mobile home on the same lot. The court found, however, that the agreement was void due to a mutual mistake of fact since the property could not actually be subdivided. The court concluded that restitution was the proper remedy.

Plaintiff first challenges the court's factual findings related to the amount of improvements made to the property. "We will uphold the trial court's findings of fact unless they are clearly erroneous, viewing the supporting evidence in a light most favorable to the prevailing party." Town of Bethel v. Wellford, 2009 VT 100, ¶ 5, 186 Vt. 612 (mem.) (citation omitted). A finding "will not be overturned merely because it is contradicted by substantial evidence; rather, an appellant must show there is no credible evidence to support the finding." Id. (quotation and citation omitted).

Here, plaintiff asserts that the findings erroneously rested on defendants' statements, which were inconsistent and unreliable. Plaintiff points to the monetary value of the improvements made by defendants, and claims that defendants' answer stating that they made in excess of $10,000 in improvements is inconsistent with defendants' trial testimony that the improvements were worth $100,000. There are no grounds to reverse the court's findings regarding the worth of the improvements. Plaintiff admits that there was testimony indicating that defendants improved the property in the amount granted by the trial court. While there may have been countervailing evidence, we will not reweigh the evidence on appeal. See id.

In addition, we are unable to address the sufficiency of the findings because there is no transcript of the proceedings. The rules require an appellant to produce a transcript of all parts of the proceeding below that are relevant to the issues the appellant raises on appeal. V.R.A.P. 10(b)(1); see also V.R.A.P. 10(b)(2) (stating appellant must produce transcript if appellant challenges findings or evidence in support thereof). Plaintiff has failed to order a transcript of the hearing, and thus waived any challenge to the sufficiency of court's findings. In re S.B.L., 150 Vt. 294, 297-98 (1988).

Plaintiff next argues that she is mentally disabled and was not provided with reasonable accommodation during the hearing as required by the Vermont Public Accommodations Act, 9 V.S.A. §§ 4500-4507 (VPAA). The VPAA states: "No individual with a disability shall be excluded from participation in or be denied the benefit of the services, facilities, good, privileges, advantages, benefits or accommodations, or be subjected to discrimination by any place of public accommodation on the basis of her or her disability . . . ." Id. § 4502(c). Plaintiff asserts that her mental disability made it impossible for her to properly represent herself and she requests that the matter be remanded for a new hearing so she can be represented by counsel. Plaintiff failed to properly preserve this claim for appeal having failed to seek such accommodation or raise the argument in the trial court. See State v. Duford, 163 Vt. 630, 630 (1995) (mem.) (holding

2

defendant, who did not raise issue at trial, failed to preserve for appeal claim that court failed to provide reasonable accommodation)

Defendants' brief alleges that the court erred in granting a judgment of eviction to plaintiff. Because defendants did not file a cross-appeal, we do not address this argument. Huddleston v. Univ. of Vt., 168 Vt. 249, 255 (1998) (explaining that appellee seeking to challenge trial court's order must file timely cross-appeal).

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice