*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-081

NOVEMBER TERM, 2013

| | | |
|---|---|---|
| Town of Colchester | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, |
| v. | } | Environmental Division |
| | } | |
| | } | |
| Robert K. Andres | } | DOCKET NO. 30-3-11 Vtec |

Trial Judge: Thomas S. Durkin

In the above-entitled cause, the Clerk will enter:

Landowner appeals pro se from an Environmental Division decision finding that he violated provisions of the Town of Colchester zoning regulations by converting a seasonal dwelling to a year-round dwelling without a permit, and imposing a fine of $21,840 for the continuing violation. Landowner contends: (1) the evidence was insufficient to support the finding of a violation; (2) he did not receive timely notice of the violation; (3) the fine imposed was excessive; (4) the court's finding of earlier violations was unsupported; and (5) the grant of injunctive relief constitutes an unconstitutional taking without compensation. We affirm in part and reverse in part.

The facts may be succinctly summarized. Landowner owns a residence or camp in Colchester, near Lake Champlain, that is classified under the Town's zoning regulations as a "summer seasonal dwelling" that "may be occupied from April 1st through October 31st and shall be vacated at all other times." Town of Colchester Zoning Regulations ("Regulations") § 10.14(B). The camp is served by a wastewater disposal system that does not conform to Town or State regulations but is allowed as a preexisting non-conforming system. Conversion to a year-round dwelling for occupation is allowed under the regulations through the building-permit process if the Town determines, among other things, that the dwelling's septic system conforms with all current Town and State regulations. Regulations § 10.14(C).

On November 8, 2010, the Town issued a notice of violation to landowner for converting the camp to a year-round dwelling without a permit. The notice was based on an inspection of the property by the Town's building inspector, who observed two vehicles in the driveway, items on the porch and in the yard that had not been put away for the season, firewood, and heat from the chimney. Landowner did not cure or appeal the alleged violation. The Town's building inspector returned to the property on several further occasions in December 2010, observed evidence of continued occupation—including vehicles, a chainsaw, changes in the size of the woodpile, and a BBQ grill that appeared to have been recently used—and issued three municipal citations for year-round occupation of a seasonal dwelling without a permit. Landowner did not respond to the citations, and the judicial bureau issued default judgments in January 2011.

In March 2011, the Town filed a complaint against landowner for penalties and injunctive relief, alleging conversion of the property from a seasonal to a year-round dwelling without a permit, in violation of Regulation § 10.14. A trial on the matter was held in September 2012. The court entered findings on the record at the conclusion of the hearing, followed by a written decision and judgment order in January 2013. The court found on the record that landowner received notice of the violation at least as of March 31, 2011, and that the evidence supported a finding that landowner had occupied the property out of season without a permit, as alleged. In its written decision, addressed to the fine to be imposed, the court additionally found that the Town had issued earlier notices of violations in 2002 and 2004 which did not result in compliance; that the evidence disclosed "a determined plan" by landowner to ignore the Town's conformance requests; that the Town had incurred expenses, including legal fees and other labor costs, in excess of $15,280 in responding to the violations; and that landowner had converted the camp to a year-round residence without a permit for a period of 546 days, measured from the date of notice of violation on April 1, 2011 to the date of the trial on September 28, 2012. The court concluded that a fine of $45 per day for the continuing violation was warranted, for a total fine of $21,840. The court also granted injunctive relief in favor of the Town, prohibiting landowner from occupying the residence between November 1 and March 31 until he secured the necessary permits for year-round occupation. This appeal followed.

Landowner contends the evidence was insufficient to support the finding that he occupied the camp year-round. Our review of the court's factual findings is limited. "We will uphold the findings of fact unless they are clearly erroneous, viewing the supporting evidence in a light most favorable to the prevailing party." Town of Bethel v. Wellford, 2009 VT 100, ¶ 5, 186 Vt. 612 (mem.). Given the trial court's "unique position to assess the credibility of witnesses and weigh the evidence," Begins v. Begins, 168 Vt. 298, 301 (1998), a finding will not be overturned unless "there is no credible evidence to support" it. Town of Bethel, 2009 VT 100, ¶ 5 (quotation omitted).

Here, as noted, the Town's building inspector observed various indicia of occupation in November and December 2010, including parked cars, equipment and grills outside the camp that appeared to have been recently used rather than stored for the winter, a woodpile that changed size, and heat from the chimney. Furthermore, landowner acknowledged at trial that he was at the camp for a "good portion" of December 2010, as well as the subsequent winters of 2011 and 2012, and that he may have "taken a nap" on occasion, but denied that he ever slept there overnight. The evidence, taken as a whole, was thus sufficient to support the trial court's rejection of landowner's assertion as not credible, and its finding that he had converted the camp to a year-round dwelling for occupation without a permit in violation of the Town's zoning regulations.

Landowner next contends he did not receive adequate or timely notice of the violation issued by the Town in November 2010. He acknowledged at trial, however, that he received notice of the complaint in this matter, with the notice of violation attached, in March 2011. Furthermore, landowner makes no showing that he has prejudiced by the purported delay, particularly in view of the continuing nature of violation. See 24 V.S.A. § 4451 (action may be brought without seven-day notice and opportunity to cure "if the alleged offender repeats the violation of the bylaw or ordinance after the seven-day notice period and within the next succeeding 12 months"). Landowner also suggests that "there [was] nothing to correct" in March 2011 because he was then entitled to occupy the residence, but the claim overlooks that the alleged violation was conversion to year-round use without a permit, a continuing violation.

2

Landowner also claims the evidence did not support the court's reliance on earlier violation-notices issued by the Town in 2002 and 2004, as well as three municipal tickets issued in December 2010 on which landowner defaulted. On the contrary, the record contained ample evidence to support the court's findings and reliance.

Landowner further asserts that, by including the days of seasonal use between April 1, 2011 and October 31, 2011 in the fine calculation, the trial court improperly imposed a "fine[] for using his property as permitted." The trial court is afforded broad discretion to determine the fine to be imposed under 24 V.S.A. § 4451. In re Beliveau NOV, 2013 VT 41, ¶¶ 21-23, ___ Vt. ___, 72 A.3d 918. Nevertheless, we agree that the violation here essentially consisted of occupying the camp out of season without a permit, and that the fine should therefore be confined to that period of time in which a permit was required, which would exclude the period from April 1 to October 31. See 24 V.S.A. § 4451(a) (authorizing fine of $100 per day for each offense—increased in 2012 to $200 per day—and providing that "[e]ach day that a violation is continued shall constitute a separate offense"). Accordingly, the matter must be remanded to the trial court to reconsider the fine to be imposed within this timeframe.

Finally, landowner contends the injunction against occupation of the property from November 1 to March 31 until landowner secures the necessary permits violates the constitutional prohibition against the taking of property without just compensation. Landowner did not raise this claim below, although the Town consistently sought both monetary and injunctive relief, and cites no authority to support the claim on appeal. Furthermore, nothing in the record suggests that landowner, who remains free to occupy the property for seasonal use and even potentially year-round use if and when he applies for a permit, has been conclusively denied "all reasonable beneficial use" of the property. Killington, Ltd. v. State, 164 Vt. 253, 257 (1995) (quoting Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 193-94 (1985), which held that regulatory takings claim requires plaintiff to obtain final decision conclusively showing that landowner has been denied all reasonable beneficial use of the property). Accordingly, we find no basis for the claim.

Affirmed in part, reversed in part, and remanded.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

3