## Capital Candy Company, Inc. v. Paul Savard

[369 A.2d 1361]

No. 135-75

Present: **Barney, C.J., Daley, Larrow, and Billings, JJ., and Shangraw, C.J.** (Ret.), Specially Assigned

Opinion Filed December 21, 1976

*Bernasconi & Koch,* Barre, for Plaintiff.

*Reginald T. Abare,* Barre, for Defendant.

**Daley, J.** This case, along with *Capital Candy Co.* v. *Savard,* 135 Vt. 14, 369 A.2d 1363 (1976) was consolidated for oral argument before this Court. Because of the distinct legal questions raised by the two cases, and in the interest of clarity, they will be considered and discussed in two separate opinions.

In this civil action the plaintiff Capital Candy Company, Inc., by separate counts, sought to recover damages from the defendant Savard for a claimed breach of an oral agreement and for alleged fraudulent actions by the defendant in connection with the sale and purchase of a parcel of land in the City of Barre, Vermont. The cause was heard by the superior court sitting without a jury. Based upon its findings of fact and conclusions of law, the lower court entered a judgment dismissing the plaintiff's action. In its appeal to this Court from the judgment, the plaintiff does not challenge the correctness of the lower court's dismissal of the fraud count, but rests its claims of error

upon certain findings of fact and conclusions of law with respect to the claimed breach of contract.

A brief summary of the facts found by the lower court reveals the following situation. In June of 1972, the defendant purchased at an Internal Revenue Service tax sale certain lands and buildings which he believed to be all of the property formerly owned by Comolli & Company, Inc. Shortly thereafter, he and the plaintiff entered into a deposit and sales agreement whereby the plaintiff was to pay $35,000 for all of the property purchased by the defendant. A subsequent survey of the property revealed that the land purchased was only a part of the total land formerly owned by Comolli & Company, Inc. The defendant, since he could not convey all of the land which he understood he purchased at the tax sale, offered to return the deposit to the plaintiff. However after considerable negotiation, the plaintiff agreed to pay $27,500 for the land and buildings actually purchased by the defendant at the tax sale. This agreement was consummated by the execution of a warranty deed in which the plaintiff released the defendant from any claims it might have under the deposit and sales agreement.

The remaining Comolli & Company, Inc. real estate was subsequently offered for sale to the highest bidder by the Internal Revenue Service. Although not found by the lower court, the record reveals that both parties knew prior to the execution of the warranty deed and while negotiations were in process that the so-called second parcel of land would be put up for sale by the Internal Revenue Service. In fact, both parties submitted sealed bids at the appropriate time. The defendant's bid was the highest of the several bids submitted and he secured the property.

The plaintiff initiated this civil action against the defendant, alleging in its complaint the existence of an agreement between the parties that the defendant would not submit a bid upon this second parcel of land in consideration of the plaintiff's purchase of the parcel of land then owned by the defendant. The plaintiff maintained that the defendant's bid upon the second parcel of land constituted a breach of that agreement.

Upon consideration of the oral testimony and the exhibits, the lower court found that the defendant denied telling the plaintiff's principal officer that he would not bid upon the second parcel of land. The court further found that

10. While there was evidence presented to indicate that

the Plaintiff was under the impression that the Defendant did not intend to bid on the second parcel, the court is unable to find that the Defendant agreed with the Plaintiff that he would not in fact bid on the second parcel.

In one of its conclusions of law, the lower court stated that the plaintiff had failed to show by the required burden of proof that the defendant had breached any contract with the plaintiff.

█ The statement by the lower court that it was "unable to find" does not necessarily mean that there was no evidence tending to show any agreement as claimed by the plaintiff. Such a statement does mean, however, that in the court's judgment the evidence does not preponderate in the plaintiff's favor, and therefore in a legal sense it was unable to make a finding that an agreement existed. *Strong* v. *Strong,* 123 Vt. 243, 246, 185 A.2d 924 (1962); *Scott's Executor* v. *Beland,* 114 Vt. 383, 397, 45 A.2d 641 (1946). Since the burden of proof on this issue was with the plaintiff, the court's statement "is equal to an affirmative finding for the defendant". *Dwinell* v. *Alberghini,* 115 Vt. 394, 399, 62 A.2d 124 (1948).

█ As we have often stated, the trier of fact is given the sole determination of the weight of the evidence, the credibility of witnesses, and the persuasive effect of the testimony. *Armstrong* v. *Hanover Ins. Co.,* 130 Vt. 182, 185, 289 A.2d 669 (1972); *Massucco* v. *Vermont College Corp.,* 127 Vt. 254, 256, 247 A.2d 63 (1968). This Court will review questions of credibility and weight to be given testimony only in unusual circumstances. *Capital Candy Co.* v. *City of Montpelier,* 127 Vt. 357, 359, 249 A.2d 644 (1968). Such unusual circumstances are not present in this appeal.

The evidence offered by each party was conflicting. The plaintiff's principal officer testified that while the defendant did not state in so many words that he would not bid upon the second parcel of land, this officer was under the impression from the defendant's general statements, actions and conduct that the defendant would not submit a bid. The trial court was not bound to believe this testimony by an interested witness. *Scott's Executor* v. *Beland, supra,* 114 Vt. at 396.

█ █ The plaintiff, however, seeks to extricate itself from the dilemma in which it finds itself by contending that the lower

court gave unwarranted credibility to the testimony of the defendant. The plaintiff relies upon the court's finding that "shortly after the publication of notice for sealed bids by the Internal Revenue Service the plaintiff and the defendant had a conversation". The plaintiff seeks to convince this Court that the time frame surrounding the negotiations between the parties, the execution of the deed, and the submission of the bids makes this finding clearly erroneous and requires a reversal. The testimony concerning the timing of certain negotiations was indeed conflicting, yet such does not avail the plaintiff since it is well settled that all conflicts in testimony are to be resolved against the excepting party. *Everlasting Memorial Works* v. *Huyck Memorial Works*, 128 Vt. 103, 107, 258 A.2d 845 (1969). When an inquiry is made as to whether there is evidence in support of a court's findings, the findings are to be considered as a whole. *Farnsworth* v. *Cochran*, 125 Vt. 174, 176, 212 A.2d 818 (1965); *Little* v. *Little*, 124 Vt. 178, 182, 200 A.2d 276 (1964). The plaintiff's assumption that the court's finding as to the time of certain negotiations led the court to placing unwarranted credibility upon the defendant's testimony is not supported by the record, and we will not indulge in such assumptions here. We have examined the record in light of the claims that the findings of fact and conclusions of law are unsupported by the evidence and find these claims to be without merit.

We need not reach the plaintiff's contentions relating to the re-cross examination of one of its witnesses by defense counsel inasmuch as that issue is raised for the first time on appeal. See *Pezzano* v. *Bonneau*, 133 Vt. 88, 92, 329 A.2d 659 (1974).

*Judgment affirmed.*