# Capital Candy Company, Inc. v. Paul Savard

[369 A.2d 1363]

No. 136-75

Present: Barney, C.J., Daley, Larrow, and Billings, JJ., and Shangraw, C.J., (Ret.), Specially Assigned

Opinion Filed December 21, 1976

*Bernasconi & Koch,* Barre, for Plaintiff.

*Reginald T. Abare,* Barre, for Defendant.

**Daley, J.** The controversy in this case arose some months after the defendant Savard acquired the so-called second parcel of land formerly owned by Comolli & Company, Inc. as the highest bidder in a tax sale conducted by the Internal Revenue Service. See *Capital Candy Co.* v. *Savard,* 135 Vt. 9. The boundaries of the respective properties involved in this case are reflected in plaintiff's Exhibit No. 28, a survey plan relied upon by both

parties. [See page 19] The easterly boundary of the defendant's property is, in part, the westerly line of the property conveyed to the plaintiff Capital Candy by the defendant in April, 1973. The property owned by the plaintiff is described in the "Sanguinetti" chain of title; that of the defendant in the "Barclay" chain of title. Access to the plaintiff's property was obstructed by the defendant when he erected iron rails across a small strip of land lying to the west of the plaintiff's office building. As a result of these acts, the plaintiff brought a declaratory judgment action in the Washington Superior Court seeking a clarification of the boundaries of the two parcels of land, as well as a determination of the rights of the parties in and to a small triangular-shaped piece of land.

By its findings of fact and conclusions of law, the lower court found and concluded that the plaintiff owns the small triangular piece of land in dispute; that a certain street in the City of Barre referred to in the evidence as "Old Burnham Street" is a public highway open to the public in general; and that there is an existing ten-foot right-of-way on the defendant's land to be used in common by both parties as provided in certain deeds. The defendant on appeal contends that these findings and conclusions are not supported by the evidence presented before the lower court or are incorrect as a matter of law.

We will first address the defendant's claim of error relating to the existence of the right-of-way. The two parcels of property, prior to their purchase by the respective parties, were both owned by Comolli & Company, Inc. This corporation purchased the parcel of land presently owned by the plaintiff in November, 1933. It subsequently acquired the property currently owned by the defendant in October, 1944, thereby merging both the "Sanguinetti" and the "Barclay" chains of title. Prior to the 1944 conveyance to Comolli & Company, Inc., the property now owned by the defendant was encumbered by a right-of-way of undefined width running along the westerly boundary of the property now owned by the plaintiff. Comolli & Company, Inc. continued to be the sole owner of these two parcels of land to the time the Internal Revenue Service impressed its lien and conducted its tax sales in 1973.

Once the title to the adjoining properties vested in Comolli & Company, Inc., in 1944, the right-of-way was extinguished by the unity of ownership and possession. *First*

*National Bank* v. *Laperle,* 117 Vt. 144, 150, 86 A.2d 635 (1952); *Plimpton* v. *Converse,* 42 Vt. 712, 717 (1870). This right-of-way, once it had been extinguished by the merger of the two parcels of land, could not be re-created by the mere subsequent separation of the parcels. In order for a new right-of-way to exist over the defendant's property, it must be shown that such an easement was re-created by a proper new grant or reservation. *Fitanides* v. *Holman,* 310 A.2d 65, 67 (Me. 1973); Comment (h) to § 497 of the Restatement of Property (1944). Therefore, the issue as to whether the plaintiff Capital Candy enjoys a right-of-way over a portion of Savard's property is to be determined by examining the conveyances after 1944 to ascertain whether such an express grant or reservation of an easement was properly made.

■ The first of these conveyances by a quit claim deed from Comolli & Company, Inc. (by the District Director of the Internal Revenue Service) to the defendant Savard dated March 23, 1973, purportedly conveyed the rights-of-way mentioned in the Armando Comolli to Comolli & Company, Inc. deed of November 28, 1933. The second conveyance by warranty deed from the defendant to the plaintiff dated April 10, 1973, also purported to convey the same rights-of-way referred to in the Comolli to Comolli & Company deed. We hold that in neither of these two deeds executed in 1973 was an easement re-created in favor of the grantees. The grantors in those deeds conveyed a nonexistent right-of-way, a right-of-way extinguished by the merger of the properties in 1944. The mere reference in a deed to an earlier right-of-way which was extinguished by law does not constitute the re-creation of that right-of-way. The lower court's determination that the plaintiff Capital Candy enjoyed a right-of-way over a certain portion of the defendant Savard's property is erroneous in fact and in law.

■ The defendant Savard contends that the lower court's finding that Old Burnham Street is still a public highway is not supported by evidence or law. He maintains that it was abandoned and that the right of possession and use of so much of it as abuts his property reverted to him. The defendant's argument on this point is contrary to the decision of this Court holding that public use of a highway is discontinued only when certain statutory procedures are followed. *Petition of Mattison and Bentley,* 120 Vt. 459, 462, 144 A.2d 778 (1958); *Town of*

*Barton* v. *Town of Sutton,* 93 Vt. 102, 103, 106 A. 583 (1919); 19 V.S.A. §§ 531 *et seq.* The defendant attempts to distinguish the present case by maintaining that discontinuation does not have to be by official act when the original taking was by condemnation. He cites no legal authority to support his view; moreover, no evidence was presented before the lower court from which it could determine that Old Burnham Street had in fact been abandoned. No error appears.

The final claim of error relates to the ownership of a small piece of land, triangular in shape, which lies to the south of present Burnham Street and to the northeast of Old Burnham Street. A separate larger triangular-shaped parcel of land, located north of present Burnham Street and south of the Stevens Branch, is also in the vicinity of the properties owned by the parties. (Both of these segments of land were labeled "Capital Candy Co. Inc." by the surveyor who prepared plaintiff's Exhibit No. 28.) The defendant does not dispute the plaintiff's claim of ownership to this larger triangular parcel of land. He does, however, challenge the lower court's determination that he conveyed by inference the smaller triangular piece of land and therefore that land is currently owned by the plaintiff.

The warranty deed from the defendant Savard to the plaintiff conveyed a large segment of land described by metes and bounds. At one point, the metes and bounds description runs to and along the southerly line of present Burnham Street. In addition to this conveyance of property described by metes and bounds, the defendant conveyed "a three-cornered strip of land lying northerly of Burnham Street and between said Burnham Street and the river opposite the office building herein described." This description accurately delineates the area referred to as the larger triangular parcel of land.

We are of the opinion that the descriptions in the deed fail to include the smaller triangular piece of land. The plaintiff's rights of ownership are, in light of the evidence submitted before the lower court, limited to that property which was actually conveyed to him by the defendant in the warranty deed. Our examination of this deed shows that the small triangular piece of land now in dispute is not contained either in the metes and bounds description or in the general description relating to the larger triangular parcel of land. We also note that the defendant Savard apparently has no valid claim of ownership to this small parcel of land. An examination of the description in the deed

which the defendant acquired at the second tax sale reveals that he received no interest in any property lying to the north of Old Burnham Street.

Our examination of the record convinces us that the lower court's finding and conclusion that the small triangular piece of land in dispute is owned by the plaintiff is not supported by the evidence presented before that court, and therefore so much of the judgment based upon that determination cannot stand.

*Paragraph (1) of the superior court's judgment order, filed May 19, 1975, relating to Old Burnham Street, is affirmed. Paragraph (2) of that order relating to a matter not in dispute on appeal is also affirmed. The cause is reversed and remanded for further hearings with respect to the small triangular piece of land, covered by Paragraph (3) of the order, in accordance with the views expressed in this opinion. Paragraph (4) of the order concerning the right-of-way is reversed and the cause remanded for entry of judgment in accordance with the views herein expressed.*