NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2020 VT 24

No. 2019-197

| | |
|---|---|
| Holly Bartlett | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Civil Division |
| | |
| John Roberts and LaLauni Rawls | October Term, 2019 |

Helen M. Toor, J.

Brian P. Monaghan and Christian S. Chorba of Monaghan Safar Ducham PLLC, Burlington,
  for Plaintiff-Appellant.

Michael S. Gawne of Cahill, Gawne, Miller & Manahan, P.C., St. Albans, for
  Defendants-Appellees.


PRESENT:  Reiber, C.J., Robinson and Eaton, JJ., and Dooley, J. (Ret.) and
                Pearson, Supr. J. (Ret.), Specially Assigned


¶ 1.     **PEARSON, Supr. J. (Ret.), Specially Assigned.**  Plaintiff in this quiet-title action seeks to prohibit defendants from using a road that passes through plaintiff's property to access defendants' adjacent property.  The civil division of the superior court granted summary judgment to defendants because it determined that the route was a public highway established by the town in 1800 that was never discontinued.  We affirm.

¶ 2.     The following facts were undisputed for purposes of summary judgment.  Plaintiff Holly Bartlett owns real property consisting of 124.5 acres with a single-family home on Plains Road in Westford, Vermont.  She acquired her property in 2005.  In 2017, defendants purchased a vacant forty-two-acre parcel adjacent to plaintiff's property.  Defendants' property does not abut

Plains Road. Defendants access their property using an unnamed gravel-and-dirt road that crosses over plaintiff's property to Plains Road. For the purposes of this opinion, we refer to the gravel-and-dirt road as Plains Road Extension.

¶ 3. Plains Road Extension was surveyed and laid out and a description of its breadth, course, and distance was recorded in the town land records in 1800. However, the road does not currently appear on the Westford highway map and did not appear on the map as of July 1, 2010. The existing road crosses plaintiff's property within the area that corresponds to the 1800 description and continues to a point approximately midway across defendants' property, where a trail diverges from the described route.

¶ 4. In September 2009, the town's Ancient Roads Committee inspected plaintiff's and defendants' properties. The committee noted: "[E]vidence found (road, cars, foundation) from Plains Road to top of ridge. Not worth retaining." The town selectboard did not add Plains Road Extension to the town highway map by July 1, 2015. Plains Road Extension was never designated as a legal trail and was never formally discontinued by the town pursuant to 19 V.S.A. § 771.

¶ 5. Defendants purchased their property from Robert Krosky, whose family purchased the land in 1962 or 1963. At his deposition, Krosky testified that his family built a camp on the property and used Plains Road Extension to access the property. He testified that in the 1960s and 1970s they could drive all the way up Plains Road Extension to their camp using a variety of vehicles including jeeps, a motor scooter, and a motor home. Other people who were not part of the family traveled up the road on horseback and on all-terrain vehicles. Krosky testified that there was a barbed-wire gate across the road at his property line. The family would remove the wire to access the property when they came up for weekends and replace it when they left. The camp burned down in 1973 or 1974. After Krosky took ownership of the property from his mother in 1977, he used the property less and did not maintain the road. He testified that he had rarely visited the property in recent years and the road had become overgrown and difficult to navigate with his

2

vehicle. Krosky periodically had the land logged to improve the forest. As part of their work on the land, the loggers would repair the road. The last logging operation occurred in 2012.

¶ 6. Plaintiff's predecessor-in-interest, Francis Gravel, owned plaintiff's parcel from 2001 to 2005. Gravel testified in a deposition that he never saw the owner of defendants' parcel. He stated that it was "pretty rare" to see anyone else use Plains Road Extension. Once, a hiker asked his permission to use the road. Another time, he saw a group of women on horses heading across his property toward Plains Road. Gravel stated that beyond his driveway, Plains Road Extension was overgrown and not passable by a passenger car, but could be accessed using an all-terrain vehicle. He was not aware that Plains Road Extension was potentially a town road.

¶ 7. In July 2018, after defendants sought a zoning permit to spread gravel on the road, plaintiff filed a petition seeking a declaratory judgment that defendants had no right to use Plains Road Extension.[1] After discovery, the parties filed cross motions for summary judgment. Defendants argued that the above facts demonstrated that Plains Road Extension was a town highway that was never discontinued and that they had a right to use it to access their property. In the alternative, they claimed that they had a private right-of-way over the road pursuant to 19 V.S.A. § 717(c) and common law. Plaintiff argued that although the town laid out a road at the location of Plains Road Extension in 1800, it was discontinued by operation of Vermont's ancient-roads law—also known as Act 178—because the town did not include it on the town highway map by July 1, 2015. Plaintiff further contended that § 717(c) did not apply and defendants did not have an easement by necessity or a prescriptive easement.

¶ 8. The trial court held that Plains Road Extension was not discontinued by operation of Act 178 because there was clearly observable physical evidence of its use as a highway and therefore it was not an "unidentified corridor" to which the Act applied. See 19 V.S.A.

---

[1] Plaintiff did not name the town as a defendant. Neither party briefed the significance of this omission below or on appeal, so we do not address it in this opinion.

3

§ 302(a)(6)(A). Accordingly, it concluded the road was not automatically discontinued by the town's failure to include it on the town highway map by July 1, 2015. The court rejected plaintiff's argument that there had to be evidence of public use for the road to be a "highway." It reasoned that under 19 V.S.A. § 1(12), it was sufficient for the road to be laid out in the manner prescribed by statute to qualify as a highway. The court concluded that Plains Road Extension was a town highway that defendants had a right to use and granted summary judgment in their favor. This appeal followed.

¶ 9. We review a summary-judgment decision without deference, using the same standard as the trial court. Tillson v. Lane, 2015 VT 121, ¶ 7, 200 Vt. 534, 133 A.3d 832. Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Collins v. Thomas, 2007 VT 92, ¶ 6, 182 Vt. 250, 938 A.2d 1208; V.R.C.P. 56(a). "In applying this standard, we give the nonmoving party the benefit of all reasonable doubts and inferences." Doe v. Forrest, 2004 VT 37, ¶ 9, 176 Vt. 476, 853 A.2d 48.

¶ 10. At issue is whether Plains Road Extension is an "unidentified corridor" that was discontinued by operation of Act 178. Under Vermont common law, once a town properly laid out a highway according to statute, it continued to legally exist indefinitely even if it was never used. Capital Candy Co. v. Savard, 135 Vt. 14, 16-17, 369 A.2d 1363, 1365-66 (1976) (holding mere abandonment insufficient to discontinue public highway because statutory procedure for discontinuance must be followed); cf. Lague, Inc. v. Royea, 152 Vt. 499, 501, 568 A.2d 357, 358 (1989) ("We have been clear that an easement acquired by deed cannot be extinguished by nonuse alone, no matter how long it continues."). In 2006, following several high-profile disputes between towns and landowners over title to ancient municipal rights-of-way, the Legislature passed Act 178 "to quell the uncertainty that the existence of ancient roads places on private property rights." Town of Bethel v. Wellford, 2009 VT 100, ¶ 7, 186 Vt. 612, 987 A.2d 956 (mem.); see E.

4

Goldwarg, Note, <u>Known Unknowns: Ancient Roads in Northern New England</u>, 33 Vt. L. Rev. 355, 356-57 (2008) (describing history preceding passage of Act 178).

¶ 11. Act 178 created a procedure for towns to locate "unidentified corridors" and either discontinue or reclassify them. 2005, No. 178 (Adj. Sess.), § 1. As amended, the Act defined unidentified corridors as follows:

> Unidentified corridors are town highways that:
>
> (i) have been laid out as highways by proper authority through the process provided by law at the time they were created or by dedication and acceptance; and
>
> (ii) do not, as of July 1, 2010, appear on the town highway map prepared pursuant to section 305 of this title; and
>
> (iii) are not otherwise clearly observable by physical evidence of their use as a highway or trail; and
>
> (iv) are not legal trails.

2007, No. 158 (Adj. Sess.), § 2 (codified at 19 V.S.A. § 302(a)(6)(A)).

¶ 12. The Act provided that if subsections (i) and (ii) of § 302(a)(6)(A) were met—that is, if a town had properly laid out a highway but it was not on the town highway map as of July 1, 2010—the town selectboard or its appointee could enter private land to determine whether clearly observable physical evidence existed. 19 V.S.A. § 302(a)(6)(B). When the town located an unidentified corridor, it could reclassify it as a class 1, 2, 3, or 4 highway or a legal trail using the statutory reclassification procedure. <u>Id</u>. § 302(a)(7). If the town did not reclassify an unidentified corridor by July 1, 2015, the unidentified corridor would be discontinued and the right-of-way would belong to the owner of the adjoining land. <u>Id</u>. § 302(a)(6)(G). As amended, the Act also created a procedure for towns to vote to immediately discontinue, on or before July 1, 2010, "all town highways that are not otherwise clearly observable by physical evidence of their use as a highway or trail and that are not included as such on the sworn certificate of the description and measurement of town highways filed with the town clerk on February 10, [2010]." <u>Id</u>. § 305(h).

5

¶ 13.    In this case it was undisputed that Plains Road Extension met the first, second, and fourth statutory elements for an unidentified corridor: the parties agreed that Plains Road Extension was properly laid out by the town in 1800, did not appear on the town highway map as of July 1, 2010, and was not a legal trail.  However, they disagreed about whether the road was clearly observable by physical evidence of its use as a highway or trail.[2]

¶ 14.    Plaintiff does not dispute that there is physical evidence of a road of some kind that runs within the corridor laid out by the town in 1800 from Plains Road to a point approximately midway across defendants' property.  However, she argues that defendants only presented evidence of private use of Plains Road Extension by the former owners of defendants' property, and this was insufficient evidence of "use as a highway or trail" to disqualify the road from being an unidentified corridor.  19 V.S.A. § 302(a)(6)(A)(iii).  Plaintiff contends that "use as a highway or trail" requires evidence of the road's use by the general public and not just the adjoining landowners.  She further argues that there was no evidence that a town highway was ever constructed in the location where it was laid out, and that the existing gravel and dirt road looks more like a logging road than a town highway.

¶ 15.    "In cases of statutory interpretation, our review is nondeferential and plenary." Benson v. MVP Health Plan, Inc., 2009 VT 57, ¶ 4, 186 Vt. 97, 978 A.2d 33.  Our primary goal when interpreting a statute is to fulfill the intent of the Legislature.  Dep't of Corr. v. Human Rights Comm'n, 2006 VT 134, ¶ 7, 181 Vt. 225, 917 A.2d 451.  To do so, we begin by examining the language of the statute.  Weale v. Lund, 2006 VT 66, ¶ 6, 180 Vt. 551, 904 A.2d 1191 (mem.). We presume the Legislature intended the plain, ordinary meaning of the language it used.  Id.

---

[2]    Defendants argued, and plaintiff conceded at oral argument, that unmapped town highways that did have clearly observable physical evidence of use as a highway or trail were not discontinued by operation of Act 178.  In other words, they agreed that if Plains Road Extension was not an unidentified corridor because it did not meet criterion (iii), it continued to legally exist as a town highway after 2015 even though the town took no action to reclassify or map it.  We affirmed this interpretation of the law in Doncaster v. Hane, 2020 VT 22, ¶ 22, __ Vt. __, __ A.3d __.

6

¶ 16.    We hold that the plain language of Act 178 is unambiguous and does not support the construction urged by plaintiff.  Section 302(a)(6)(A)(iii) provides that unidentified corridors "are not otherwise clearly observable by physical evidence of their use as a highway or trail."  The provision is clearly designed to exclude from the category of unidentified corridors those legally existing town highways that show visible signs of use as rights-of-way by persons in vehicles, on foot, or by other modes of conveyance.  We reject plaintiff's argument that there is an implied requirement that the physical evidence demonstrate use by the general public, rather than merely the adjoining landowners, to qualify as "use as a highway."  The identity of the users is irrelevant because a town highway is a public right-of-way that anyone, including the adjoining landowner, has a right to use.  Okemo Mountain, Inc. v. Town of Ludlow, 171 Vt. 201, 207, 762 A.2d 1219, 1224 (2000).

¶ 17.    Our conclusion is supported by the statutory definition of "highway."  Section 1 states that for purposes of Title 19:

> "Highways" are only such as are laid out in the manner prescribed by statute; or roads which have been constructed for public travel over land which has been conveyed to and accepted by a municipal corporation or to the State by deed of a fee or easement interest; or roads which have been dedicated to the public use and accepted by the city or town in which such roads are located; or such as may be from time to time laid out by the agency or town.

19 V.S.A. § 1(12).  The first clause of the definition makes clear that laying out a road according to statute is sufficient to create a "highway."  Actual construction is not necessary.  Id.  Once a highway is laid out according to law, it becomes a public road, and those who use it are using it as a public road.  See Okemo Mountain, 171 Vt. at 208, 762 A.2d at 1225 (stating that "highway" is synonymous with "public road").  This includes adjoining landowners, who have the same right to use the road as other members of the public.  See id. at 207, 762 A.2d at 1225 (explaining that abutting landowner has right as member of public to use public road, and private right of access over road if public access is discontinued).

7

¶ 18. Contrary to plaintiff's argument, a public road does not become private merely because it is only used by a single abutting landowner. There are many town highways that go to a single home and are used only by that homeowner and guests. Absent formal discontinuation by the town, such highways remain town highways regardless of the number of people who use them. Capital Candy Co., 135 Vt. at 16, 369 A.2d at 1365-66.

¶ 19. To require physical evidence of public use of a highway would render Act 178 unworkable and lead to absurd results. It would mean that towns or other stakeholders seeking to locate unidentified corridors would have to somehow determine whether existing objects or markings on the ground were public or private in nature—a task that could be nearly impossible, particularly if the use was infrequent. To the selectperson or surveyor examining a highway, an old wheel rut or footprint is unlikely to give useful information about the identity of its creator. The difficulty inherent in such a test is demonstrated by this case: the only evidence of public or private use is in the form of recollections by various witnesses about who they saw using the road, which is not "physical evidence."

¶ 20. Plaintiff claimed at oral argument that Krosky's testimony that there was a barbed-wire gate across the road in the 1960s and 1970s at his property line was proof that the road was not used as a public highway. Neither party presented any evidence that the gate still existed or that it had existed in the recent past. Even if there was physical evidence of the gate, however, it would not alter our conclusion because there was evidence that the highway was used as a right-of-way beyond the gate. Further, Vermont law expressly precludes the acquisition of a legally existing public highway through adverse possession. See Benson v. Hodgdon, 2010 VT 11, ¶ 14, 187 Vt. 607, 992 A.2d 1053 (mem.) (rejecting argument that public highway may be discontinued through adverse possession); 19 V.S.A. § 1102 ("A right or interest within the limits of a highway shall not be acquired by anyone by possession or occupation."). Under plaintiff's interpretation of the law, a savvy adjoining landowner could simply create an unidentified corridor by erecting a

8

barrier to public access over a clearly observable town highway. The landowner would then be rewarded with ownership of the right-of-way if the town did not act to reclassify the road by July 2015. See § 302(a)(6)(G) (providing that unidentified corridors are discontinued and belong to adjoining landowners after July 1, 2015). We doubt that the Legislature intended Act 178 to be used to avoid the law regarding adverse possession in this manner. Gallipo v. City of Rutland, 173 Vt. 223, 235, 789 A.2d 942, 951 (2001) (explaining that Court's goal is "to harmonize statutes and not find conflict if possible").

¶ 21. Plaintiff claims that her interpretation that public use is required is supported by a separate provision in Act 178 stating that "[u]nidentified corridors shall be open to use by the public, but only in the same manner as they were used during the 10 years prior to January 1, 2006." 19 V.S.A. § 302(a)(6)(C). Plaintiff argues that § 302(a)(6)(C) implicitly recognizes that some unidentified corridors might be used by the public in some capacity and therefore evidence of who used the land is important to determining whether it was an unidentified corridor. We believe plaintiff reads too much into this provision, which directs the interim public use available on unidentified corridors between the enactment of the statute and the 2015 deadline. The Legislature was plainly attempting to protect existing public uses of unidentified corridors while at the same time protecting landowners from unwanted public use of previously unused ancient roads until the status of those roads was finally determined, whether by discontinuance or reclassification. The phrase "use by the public" in § 302(a)(6)(C) does not necessarily mean use "as a highway or trail" and we will not insert those words into § 302(a)(6)(A)(iii).[3] See Northfield Sch. Bd. v. Washington S. Educ. Ass'n, 2019 VT 26, ¶ 15, __ Vt. __, 210 A.3d 460 ("[W]e decline to take words of one subsection and insert them into another.").

---

[3] Plaintiff also claims, for the first time on appeal, that under § 302(a)(6)(C) there had to be physical evidence of use within the ten years prior to 2006 to disqualify a road from being an unidentified corridor. Plaintiff did not raise this argument below and therefore failed to preserve it for our review. Fletcher Hill, Inc. v. Crosbie, 2005 VT 1, ¶ 20, 178 Vt. 77, 872 A.2d 292 ("[I]ssues raised for the first time on appeal will not be considered by this Court.").

¶ 22. Plaintiff also argues that the "clearly observable by physical evidence of its use" standard is drawn from Vermont's Marketable Title Act, and that by adding the requirement of use "as a highway or trail" in Act 178, the Legislature must have intended that the use be public in nature. We find plaintiff's argument unpersuasive. The Marketable Title Act provision cited by plaintiff states that failure to record notice of an interest, lien, or claim against real property shall not extinguish "any easement or interest in the nature of an easement, the easement, the existence of which is clearly observable by physical evidences of its use." 27 V.S.A. § 604(a)(6). This provision applies to any easement that is clearly observable by physical evidence of its use, whether it is a power line, a septic pipe, or something else. The likely explanation for the Legislature's decision to add the term "as a highway or trail" to the similar phrase in Act 178 was that it wished to clarify that only use of a highway as a right-of-way would disqualify that highway from being an unidentified corridor. Evidence of other uses—for example, if the adjoining landowner used the land as a garden—would not remove the highway from that category.

¶ 23. Plaintiff contends that Plains Road Extension could not have been used as a highway because there is no physical evidence that the town ever constructed a highway within the route it laid out in 1800. However, Act 178 does not require a road to have actually been constructed by the town at some point for it to be "use[d] as a highway or trail." As discussed above, it is sufficient for the route to have been used as a right-of-way by the public. Further, the statutory definition of "highway" lists several different ways to create a highway. 19 V.S.A. § 1(12). Constructing a road is one way, but it is not the only way: it is sufficient for a highway to have been laid out according to law for it to legally exist. Id. If the Legislature intended to limit the applicability of Act 178 to ancient roads that had actually been constructed by towns, it could have said so. In the absence of a clear instruction to the contrary, we presume the Legislature intended the usual meaning of "highway" set forth in Title 19. See Northfield Sch. Bd., 2019 VT 26, ¶ 15 (stating this Court presumes Legislature chooses words advisedly).

¶ 24.     We also reject plaintiff's argument that Plains Road Extension could not have been used as a highway because it resembles a logging trail rather than a town highway. A right-of-way does not lose its legal status as a highway merely because the town has failed to maintain it or because it is impassable by a standard passenger car. See Benson, 2010 VT 11, ¶ 15 (explaining "discontinuance of a road requires an affirmative act on the part of the town, more than passive abandonment or acquiescence to another use"). Under Vermont law, a town highway can be anything from a paved multilane roadway to an unmaintained dirt track. See 19 V.S.A. § 302(a)(1)-(5) (providing for class 1, 2, 3, and 4 highways and legal trails, with differing maintenance requirements). While towns must maintain class 1, 2, and 3 highways to a certain standard, towns have discretion whether to maintain and repair class 4 highways and are not obligated to maintain trails at all. Town of Calais v. Cty. Rd. Comm'rs, 173 Vt. 620, 621, 795 A.2d 1267, 1268 (2002) (mem.) (holding town has discretion whether to maintain and repair class 4 highways); 19 V.S.A. § 310(b)-(c) (providing town "may" maintain class 4 roads and is not obligated to maintain legal trails). How a road appears, and whether it is maintained, therefore are not determinative of whether it was used as a highway.

¶ 25.     Finally, plaintiff argues that the court lacked authority to overturn the decision of Westford's Ancient Roads Committee to not include Plains Road Extension on the town highway map, "particularly without any input from that committee or Westford's Selectboard." As noted above, plaintiff did not name the town as a defendant. Having failed to do so, she cannot now claim error based on the court's failure to hear from the town. See State v. Longe, 170 Vt. 35, 39 n.*, 743 A.2d 569, 572 n.* (1999) (explaining that party may not "induc[e] erroneous ruling and later seek[] to profit from the legal consequences of having the ruling set aside" (quotation omitted)). Moreover, as the court found, the road was not an unidentified corridor to which Act 178 applied. The town's failure to include it on the town highway map by 2015 therefore had no

11

effect on its status as a town highway. If the town wished to discontinue it, it had to follow the normal statutory procedure.

¶ 26. It was undisputed that Plains Road Extension was a highway laid out by the town in 1800 that was never discontinued and that there was clearly observable physical evidence of its use to a point midway onto defendants' property. The trial court therefore properly concluded as a matter of law that the highway was not an unidentified corridor that was discontinued by operation of Act 178, and correctly granted summary judgment to defendants.[4]

Affirmed.

FOR THE COURT:

_____
Superior Judge (Ret.), Specially Assigned

---

[4] Defendants moved to strike from plaintiff's brief two law review articles, the text of Act 178, and the text of a subsequent act amending Act 178. While it is true that such materials were not part of the record below and properly should have been presented, if at all, in an appendix to the printed case, they are all legal resources that were appropriate for review by this Court on appeal. See Reporter's Notes, V.R.E. 201. The motion is therefore denied.

We also deny the request made by plaintiff in her reply brief to strike Section V of defendants' brief, which addressed their alternative arguments that they had a private easement to use Plains Road Extension. Contrary to plaintiff's argument, defendants preserved these claims for our review by raising them below. However, we need not reach them because we affirm the court's conclusion that the road is a town highway that was not discontinued by Act 178.