VERMONT SUPERIOR COURT

Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 100-9-18 Vtec



| Rawls & Roberts Zoning Permit |
|---|

## ENTRY REGARDING MOTION

Title:        Motion for Summary Judgment Motion (Motion # 1)

Filer:         Michael S. Gawne, attorney for the Applicants

Filed Date:    March 17, 2020

No Response filed.

**The motion is GRANTED**.

LaLuni Rawls and John Robert (together, "Applicants") seek approval to upgrade the existing Plains Road Extension, which connects the Applicant's property to Plains Road in Westford, Vermont, by adding +/- 5 loads of gravel.  Since Applicants' property does not abut Plains Road, Applicants access their property using the Plains Road Extension that crosses Appellant Holly Bartlett's ("Neighbor") adjacent 124.5-acre property.  Neighbor seeks to appeal a decision by the Town of Westford Development Review Board ("DRB") affirming the Administrative Officer's ("AO") decision to issue Applicants a Zoning Permit to upgrade a portion of Plains Road Extension with gravel.  Neighbor timely appealed the DRB decision to this Court, filing a Statement of Questions consisting of 2 Questions.

While this action was pending, Neighbor filed a civil complaint to quiet title in the Chittenden Unit of the Superior Court ("Civil Division"), Docket No. 518-7-18 Cncv, seeking a declaratory judgment as to whether Applicants had a legal basis for accessing their parcel over

Entry Regarding Motion                                   Page **1** of **7**

Rawls & Roberts Zoning Permit, No. 100-9-18 Vtec, (EO on SJ motion) (Vt. Super. Ct. Envtl. Div. 11-19-2020)

Neighbor's property.[1] On April 25, 2019, the Civil Division granted summary judgment to Applicants because it determined that the Plains Road Extension was a public highway established by the Town of Westford in 1800.[2] Neighbors timely appealed this decision to the Vermont Supreme Court and on March 13, 2020, the Supreme Court affirmed the Civil Division's decision.[3] Bartlett v. Roberts, 2020 VT 24, ¶ 1.

Presently before the Court is Applicants' motion for summary judgment, pursuant to V.R.C.P. 56(a), on all the issues raised in Neighbor's Statement of Questions. Applicants assert that the central issues presented in Questions 1 and 2 of Neighbor's Statement of Questions were resolved by the summary judgment decision of the Civil Division and the Entry Order issued by the Vermont Supreme Court. Applicants' argue that Questions 1 and 2 are therefore barred from being relitigated in this appeal under the doctrines of collateral estoppel, sometimes referred to as issue preclusion. Neighbor did not file a response in opposition.

Applicants are represented by Michael S. Gawne, Esq. Neighbor is represented by Brian P. Monaghan, Esq.

## Findings of Fact

We recite the following facts solely for the purposes of deciding the pending summary judgment motion. These facts do not constitute factual findings, since factual findings cannot occur until after the Court conducts a trial. Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.); see also Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14.

1. Neighbor owns a 124.5-acre property ("Neighbor's Property") located at 205 Plains Road in Westford, Vermont. Neighbor's property is located in the Rural 3, Rural 10, and Water Resource Overlay Zoning Districts.

---

[1] On August 12, 2019, this Court conducted a telephonic status conference where all parties agreed that the Neighbor's appeal before the Civil Division of the Vermont Superior Court (Docket No. 518-7-18 Cncv) and subsequent appeal to the Vermont Supreme Court were substantially related to the proposed road development that is the subject of this Environmental Division matter. As a result, this Court requested updates of the Vermont Supreme Court's resolution.

[2] The Civil Division's decision did not reach questions related to prescriptive easements or private rights of access.

[3] The Vermont Supreme Court held that Plain Road Extension constituted a public highway that was never discontinued, pursuant to Act 178 and 19 V.S.A. § 1(12). Bartlett v. Roberts, 2020 VT 24, ¶ 26.

2.  Applicants own a 42-acre parcel ("Applicants' Property") adjacent to Neighbor's property. Applicants' property is also located in the Rural 3, Rural 10, and Water Resource Overlay Zoning Districts.

3.  Applicants' Property abuts Plains Road Extension, which connects Applicant's Property to Plains Road. Plains Road Extension is a gravel and dirt road that crosses Neighbor's Property and continues approximately midway into Applicants' Property. Applicants use Plains Road Extension to access their Property.

4.  On June 12, 2018, Applicants submitted a zoning permit application, seeking authority to upgrade the driveway entrance of Plain Road Extension by adding +/- 5 loads of gravel. The Town of Westford Administrative Officer ("AO") approved Applicants' application. Neighbor timely appealed the AO's decision to the DRB on June 22, 2018.

5.  In July of 2018, Neighbor filed a petition seeking a declaratory judgment from the Civil Division of the Chittenden Superior Court to quiet title to the portion of her land allegedly encumbered by Plain Road Extension. Her quiet title action was assigned Docket No. 518-7-18 Cncv. Applicants were named as Defendants in that action. The action was based upon the dispute over Applicants' right to use the Plains Road Extension.

6.  On September 6, 2018, the DRB held that Applicants had a right to improve Plains Road Extension to the extent proposed in the application and affirmed the AO's permit determination. Neighbor timely appealed the DRB decision to this Court.

7.  On April 25, 2019, the Chittenden Superior Court held that since the segment of Plains Road Extension from Plains Road to a point approximately midway to the Applicants' Property constituted a public highway, Applicants had a right to use and improve Plains Road Extension across Neighbor's Property to reach Applicants' Property.

8.  Neighbor timely appealed the Civil Division's decision. On March 13, 2020, the Vermont Supreme Court upheld the Civil Division's decision.

**Legal Standard**

We begin our analysis by reciting the general standard that to prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to

Entry Regarding Motion                                                                 Page **3** of **7**

Rawls & Roberts Zoning Permit, No. 100-9-18 Vtec, (EO on SJ motion) (Vt. Super. Ct. Envtl. Div. 11-19-2020)

any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). When considering a motion for summary judgment, the nonmoving party receives the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. In determining whether there is any dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A).

## Discussion

Here, Applicants move to collaterally estop Neighbor from relitigating a factual issue concerning the "nature of the claimed right-of-way" in Questions 1 and 2 of Neighbor's Statement of Questions. Applicants assert that this issue was conclusively established in prior civil litigation before the Chittenden Superior Court, Docket No. 518-7-18 Cncv, and affirmed by the Vermont Supreme Court: Bartlett v. Roberts, 2020 VT 24, ¶ 26; Bartlett v. Roberts, No. 518-7-18 Cncv, (Vt. Super. Ct. Apr. 25, 2019). Questions 1 and 2 of Neighbor's Statement of Questions ask:

1. Did the [DRB] err in affirming the [AO's] issuance of a permit to [Applicants] to spread gravel on [Neighbor's] property, where [Applicants] have presented no deed, court decision, or other document establishing their ownership or right to use that property?

2. Did the [DRB] err when it stated that "[t]he Applicants have provided evidence sufficient to show that they have a right to develop the property to the extent proposed in the application, and they therefore meet the threshold for [AO] approval of the Zoning Permit, dated June 12, 2018", even though the only historical documents regarding the claimed right-of-way at issue were "documents showing historical access to property they now own via an existing roadway, which is the site of the proposed driveway upgrading work, located off Plains Road over lands owned by [Neighbor]"?

The doctrine of collateral estoppel, or issue preclusion, "bars the subsequent relitigation of an issue that was actually litigated and decided in a prior case where that issue was necessary

to the resolution of the dispute."[4] Scott v. City of Newport, 2004 VT 64, ¶ 9, 177 Vt. 491 (quoting Alpine Haven Prop. Owners Ass'n v. Deptula, 2003 VT 51, 13, 175 Vt. 559); In re Audet Wastewater System & Water Supply Permit, No. 34-2-10 Vtec, slip op. at 11 (Vt. Super. Ct. Envtl. Div. July 13, 2010) (Wright, J.); Restatement (Second) of Judgments § 27 (1982). An issue is necessary for the resolution of a dispute when, "in the absence of a determination of the issue, the judgment could not have been validly rendered." In re Audet, No. 34-2-10 Vtec at 12 (July 13, 2010) (citing Efthimiou v. Smith, 846 A.2d 222, 227 (Conn. 2004)). The collateral estoppel doctrine "applies to issues of fact as well as law." Mellin v. Flood Brook Union School Dist., 173 Vt. 202, 209 (2001).

Collateral estoppel applies when "all five of the following criteria are met: (1) preclusion is asserted against one who was a party in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same in both actions; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion is fair." In re Saladino Conditional Use Application, No. 223-11-09 Vtec, slip op. at NUM (Vt. Envtl. Ct. Envtl. Div. June 01, 2010) (Durkin, J.) (citing Trepanier v. Getting Organized, Inc., 155 Vt. 259, 265 (1990)).

The issue before this Court is whether Questions 1 and 2, which ask if the DRB erred in (1) affirming the AO's issuance of a permit to develop the property and (2) concluding that Applicants provided sufficient evidence to show that they have the right to develop, are collaterally estopped by the Civil Division decision. For the reasons stated below we conclude that Neighbor is collaterally estopped from arguing that Applicants have no right to use or develop Plain Road Extension.

---

[4] When an issue "is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Mellin v. Flood Brook Union School Dist., 173 Vt. 202, 209 (2001); Russell v. Atkins, 165 Vt. 176, 179 (1996) (internal citations omitted) (stating that claim preclusion bars relitigation when "the parties, subject matter [,] and causes of action are identical or substantially identical"). If, however, the issue is not necessary or essential to the judgement, then collateral estoppel does not serve to bar relitigation of the issue in a subsequent proceeding. Id. at 210; Postlewaite v. McGraw-Hill, 333 F.3d 42, 48 (2d Cir. 2003).

Entry Regarding Motion                                                                                          Page 5 of 7

Rawls & Roberts Zoning Permit, No. 100-9-18 Vtec, (EO on SJ motion) (Vt. Super. Ct. Envtl. Div. 11-19-2020)

The Chittenden Civil Division and Vermont Supreme Court conclusively decided that the relevant portion of Plains Road Extension constituted a public highway that was never lawfully discontinued. Bartlett v. Roberts, No. 518-7-18 Cncv, at 8 (Vt. Super. Ct. Apr. 25, 2019) (stating that Plains Road Extension was not discontinued by operation of Act 178 because there was clearly observable evidence of its use as a highway); Bartlett v. Roberts, 2020 VT 24, ¶ 26. Here, preclusion is asserted against the Neighbor (the plaintiff in the civil action) and the issue of whether Applicants may use Plains Road Extension was resolved by a final decision on the merits. Indeed, Neighbor received a full and fair opportunity to litigate the issue before both the Civil Division and the Vermont Supreme Court.

We next "examine the first action and the treatment the issue received in it." State v. Pollander, 167 Vt. 301, 304 (1997) (quoting J. Cound, et al., Civil Procedure 1228 (6th ed.1993)). In the civil action, the characterization of Plains Road Extension as a public highway was essential to the resolution of the action to quiet title. See In re Saladino Conditional Use Application, No. 223-11-09 Vtec, slip op. at 5 (Vt. Envtl. Ct. June 01, 2010) (Durkin, J.) (stating that the Court's declaration on lot size was not essential to the resolution of a conditional use approval and therefore did not trigger issue preclusion). Indeed, the question of road use, ownership, and the right to develop raised in Questions 1 and 2 are addressed by the resolution that Plains Road Extension is a public highway. Scott v. City of Newport, 2004 VT 64, ¶ 13, 177 Vt. 491 (stating that where a question of road ownership was decided in an administrative permit proceeding, the Court was then precluded from relitigation of this question in a later action to quiet title); see also In re Hale Mountain Fish & Game Club, No. 149-8-04 Vtec, slip op. at 13 (Vt. Envtl. Ct. Nov. 21, 2008) (Durkin, J.) ("Given the large amount of overlap in the legal and factual issues involved, we conclude that the third criterion for issue preclusion is met."). Thus, the central issue of whether Applicants have the right to use or develop the relevant section of Plains Road Extension was "actually litigated and determined by a valid and final judgment." Mellin, 173 Vt. at 209 (noting that such a "determination is conclusive in a subsequent action between the parties, whether on the same or a different claim"); Russell v. Atkins, 165 Vt. 176, 179 (1996).

The last requirement for collateral estoppel is that it must be "fair" to apply issue preclusion to the pending proceeding. Trepanier, 155 Vt. at 265. For the reasons above we note

Entry Regarding Motion                                                                                          Page **6** of **7**

Rawls & Roberts Zoning Permit, No. 100-9-18 Vtec, (EO on SJ motion) (Vt. Super. Ct. Envtl. Div. 11-19-2020)

that Neighbor had a full and fair opportunity to litigate these issues, therefore convincing us that the fairness criterion is met in this case. In addition, Neighbor has made no showing that there exist any circumstances that make it appropriate for this issue to be relitigated. Id. at 265–66. We therefore conclude that issue preclusion is appropriate here.

## Conclusion

For the reasons stated above, we **GRANT** Applicants' motion for summary judgment on Questions 1 and 2 of Neighbor's Statement of Questions as barred by collateral estoppel.

As a consequence of this Decision, we hereby **AFFIRM** the Sept. 16, 2018, Town of Westford Development Review Board decision to approve the issuance of a Zoning Permit to Applicants to upgrade Plains Road Extension.

A Judgment Order accompanies this Entry Order. This concludes the current proceedings before this Court.

**So Ordered.**

Electronically signed on November 19, 2020 at Brattleboro, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division