VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      23-AP-073

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# ENTRY ORDER

SEPTEMBER TERM,   2023

| | |
|---|---|
| Daniel Delorm\* v. Town of Hancock & Norman Smith | } APPEALED FROM:<br><br>} <br>} Superior Court, Addison Unit,<br>} Civil Division<br>} CASE NO. 21-CV-02113<br>Trial Judge: David R. Fenster |

In the above-entitled cause, the Clerk will enter:

Plaintiff Daniel Delorm appeals the trial court's decision granting summary judgment to defendants, the Town of Hancock and its surveyor Norm Smith, in this dispute concerning the location of shared boundary lines.  We affirm.

Plaintiff owns a parcel of land in the village of Hancock, Vermont.  Plaintiff and the Town share common boundaries along the entirety of plaintiff's southern and eastern boundary and a portion of his northern boundary.  In July 2021, plaintiff filed a pro se complaint against defendants alleging that the Town had encroached on his property since 1988.  He asserted that defendants had moved survey pins and fraudulently altered survey plats and deeds.  He claimed that four deeds, which he attached to his complaint, contained the correct description of his property.  He sought an order declaring that he owned the land in question or requiring the Town to compensate him for the taking.

Defendants moved for summary judgment in their favor, arguing that plaintiff had not supported his claims with any admissible evidence and asking the trial court to declare the location of the parties' common boundary.  They presented various affidavits and evidence in support of their motion, including the report of a surveyor, Timothy Short, who opined that the 1998 and 2006 surveys conducted by defendant Smith substantially agreed with plaintiffs' deeds as well as the physical monuments on the ground.  Plaintiff filed a memorandum opposing summary judgment but did not provide any survey or other evidence to support his claims.

The trial court concluded that defendants had presented undisputed evidence that the deeded description of the boundaries matched the surveys prepared by defendant Smith and the physical evidence on the ground.  It accordingly granted summary judgment to defendants on plaintiff's claims of fraud, forgery, encroachment, and trespass, and declared that the boundaries were as described in the recorded surveys.  This appeal followed.

On appeal, plaintiff repeats his assertions that defendants moved or replaced his survey pins with their own and argues that the boundaries surveyed by defendant Smith were not consistent with the boundaries as described in the four root deeds that describe his parcel.

We review the trial court's decision granting summary judgment without deference, using the same standard as the lower court. Bartlett v. Roberts, 2020 VT 24, ¶ 9, 212 Vt. 50. Summary judgment is appropriate if the moving party demonstrates "that there are no genuine issues of material fact and the party is entitled to judgment as a matter of law." Tillson v. Lane, 2015 VT 121, ¶ 7, 200 Vt. 534; see V.R.C.P. 56(a). "We give the opposing party the benefit of all reasonable doubts and inferences in determining whether a genuine issue of material fact exists." Kremer v. Laws. Title Ins. Corp., 2004 VT 91, ¶ 7, 177 Vt. 553 (mem.).

Here, plaintiff failed to provide any evidence to demonstrate the existence of disputed facts in regard to his claims of fraud and forgery. See V.R.C.P. 56(c)(2) (requiring nonmoving party to file paragraph-by-paragraph response with citations to admissible materials in record showing dispute, and if additional facts are to be considered, to file separate statement of disputed facts and support with citations to record). He provided no evidence, beyond his own belief, that defendants improperly altered any records or moved the location of any physical monuments. These claims therefore fail to withstand summary judgment. See Webb v. Leclair, 2007 VT 65, ¶ 14, 182 Vt. 559 (mem.) (explaining that party opposing summary judgment cannot "rely on bare allegations alone to meet the burden of demonstrating a disputed issue of fact").

Further, plaintiff failed to provide any evidence to create a dispute of fact regarding the location of his shared boundaries with the Town. Defendant Smith stated in his affidavit that the surveys he created were true and accurate descriptions of the deeded property boundaries. Defendant's expert witness Timothy Short opined that the boundary descriptions in plaintiff's deeds matched the surveys created by defendant Smith as well as the physical monuments. Plaintiff did not contest these facts in a counter statement, requiring us to take them as true. Id. ¶ 4. Nor did he present any admissible evidence of his own, such as a competing survey by a licensed surveyor, to contradict or undermine the evidence offered by defendants. The undisputed facts therefore support defendants' position that the boundaries are those described by the 1998 and 2006 surveys prepared by defendant Smith. Accordingly, the court properly entered summary judgment in favor of defendants on plaintiff's claims of encroachment and trespass.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice